**Kurt Michael DANYSH, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS; Cindy Walsavage, Inmate Accounting Assistant I; Robert Shannon, Superintendent of the State Correctional Institution at Frackville, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 4, 2004.

Decided March 24, 2004.

Kurt M. Danysh, petitioner, pro se.

Alan M. Robinson, Camp Hill, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, J., SMITH–RIBNER, J., PELLEGRINI, J., FRIEDMAN, J., COHN, J., and LEAVITT, J.

OPINION BY Judge LEAVITT.

Addressed to this Court's original jurisdiction is a petition for review[1] filed, *pro se*, by Kurt Michael Danysh against the Department of Corrections (Department), Cindy Walsavage, Inmate Accounting Assistant I, and Robert Shannon, Superintendent of the State Correctional Institution

---

1. Danysh originally titled his filing "Complaint in Civil Action—In Mandamus." By order dated January 7, 2003, this Court directed that his filing be treated as a petition for review.

at Frackville (Respondents). Danysh seeks, *inter alia,* an order directing Respondents not to include the gifts in his inmate account when they calculate deductions therefrom and to return prior deductions made that Danysh asserts are unlawful. Respondents have filed preliminary objections in the nature of a demurrer.

Danysh is an inmate at the State Correctional Institution at Frackville. In his petition Danysh avers that in July 2002 he received notice that pursuant to Department Policy Statement DC–ADM 005 the sum of $193.50 would be deducted monthly from his inmate account to pay restitution, fees, costs and fines to the Court of Common Pleas of Susquehanna County (trial court). The Department then began making the deductions from Danysh's account. Danysh filed a motion with the trial court requesting that the deductions be stopped. In response, the trial court issued an order directing that the deductions were to continue at the rate of 20% of Danysh's monthly income, provided the account balance did not fall below $10.00.[2] Danysh filed a grievance through the inmate grievance process, which was unsuccessful. Danysh then filed the instant petition for review, asserting that Respondents are vi-

olating both Department policy and the trial court's amended order by continuing to deduct 20% of all funds in his inmate account, including those funds derived from personal gifts.

■ In their preliminary objections, Respondents assert that Danysh is not entitled to relief because the deductions taken from his inmate account were lawful pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5), commonly referred to as Act 84, and that the statute did not except "personal gifts" from the definition of income available for the collection of restitution and other court-ordered obligations of inmates. Respondents also maintain that none of them were parties to the criminal case; accordingly, the trial court's amended order is not enforceable against them.[3]

■ Preliminary objections in the nature of a demurrer are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom, but not the complaint's legal conclusions and averments. *Reider v. Bureau of Correction,* 93 Pa.Cmwlth. 326, 502 A.2d 272 (1985). The allegations of a *pro se* com-

---

2. The September 3, 2002, amended order of the trial court reads as follows:

NOW TO WIT, this 3rd day of September, 2002, upon review of Petitioner's, Kurt M. Danysh, Motion for Stop Payment and/or Extension of Time to Pay Fine, the court finding that petitioner has no other court ordered obligations, such as, alimony and/or child support and we having no reason to believe he has any debts such as rent or educational debts he being incarcerated prior to his attaining majority, the filed *Motion to Stop Payment and/or Extension* of Time to Pay Fine be and is hereby denied. We deem twenty per cent (20%) of petitioner's, Kurt M. Danysh, monthly income, provided his account balance exceeds ten dollars ($10), to be a reasonable amount to be collected by the Department of Corrections as authorized by Act 84

amending the Sentencing Code and hereby authorize such collection by the Department of Corrections.

Petition for Review, Exhibit B, "Amended Order."

3. In *Commonwealth v. Danysh,* 833 A.2d 151 (Pa.Super.2003), the Superior Court held that this Court rather than the trial court had exclusive subject matter jurisdiction to adjudicate an inmate's civil action to enjoin the Department from deducting monies from his inmate account to pay costs and fines. The petition should have been properly brought as a petition for review of a governmental determination within this Court's original jurisdiction. The Superior Court vacated the trial court's order, rendering moot Danysh's request for enforcement of that order.

plainant are held to a less stringent standard than that applied to pleadings filed by attorneys. *Id.* If a fair reading of the complaint shows that the complainant has pleaded facts that may entitle him to relief, the preliminary objections will be overruled. *Id.* A demurrer should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded. *Sweatt v. Department of Corrections*, 769 A.2d 574 (Pa.Cmwlth.2001). Upon review of the allegations pleaded, we conclude that the preliminary objections of the Department should be sustained.

■■■ Deductions from Danysh's inmate account have been expressly authorized by Act 84 amendments to the Sentencing Code. The statute provides in relevant part as follows:

> the Department of Corrections *shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligations....* The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa.C.S. § 9728(b)(5) (emphasis added).[4] The Legislature has not provided an exception for gifts placed in an inmate's personal account, and it does not require the Department to account for the source of all funds in an inmate's personal account before making deductions. The personal account of an inmate may be derived from various sources, including wages, gifts and government benefits. The source of funds is of no moment.

Our Courts have repeatedly held that Section 9728(b)(5) of the Sentencing Code authorizes the Department to make deductions from income deposited to an inmate's account. *See Russell v. Donnelly*, 827 A.2d 535 (Pa.Cmwlth.2003), *Boyd v. Department of Corrections*, 831 A.2d 779 (Pa. Cmwlth.2003); *Harding v. Stickman of SCI Greene*, 823 A.2d 1110 (Pa.Cmwlth. 2003); *George v. Beard*, 824 A.2d 393 (Pa. Cmwlth.2003); *Commonwealth v. Fleming*, 804 A.2d 669 (Pa.Super.2002); *Sweeney v. Lotz*, 787 A.2d 449 (Pa.Cmwlth. 2001); *Buck v. Beard*, 834 A.2d 696 (Pa. Cmwlth.2003). In compliance with its statutory duty, the Department has developed guidelines, set forth in Policy Statement DC–ADM 005, entitled "Collections of Inmate Debts." The Policy Statement provides that "the business office will ... [d]educt from the inmate's account monthly payments for 20% of the preceding month's income provided the account balance exceeds $10.00." DC–ADM 005, Part VI(C)(4)(a).

Nevertheless, Danysh asserts that the Department's deductions from his personal account are unlawful under Section 8127 of the Judicial Code, 42 Pa.C.S. § 8127, which was also amended by Act 84. 42 Pa.C.S. § 8127, entitled "Personal earnings exempt from process," protects personal earnings in the possession of an employer from garnishment. Arguably,

---

4. The full text provides:

> (5) The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.
>
> 42 Pa.C.S. § 9728(b)(5).

should a personal gift find its way to an employer's custody, it would be sheltered from process under 42 Pa.C.S. § 8127. However, there is an exception for "restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding." 12 Pa.C.S. § 8127(a)(5).[5] This exception is broad enough to cover *all funds* that may be in the custody of an employer, even personal gifts.

The holding in *Reynolds v. Wagner*, 128 F.3d 166 (3d Cir.1997) is instructive here. In *Reynolds*, the Third Circuit Court of Appeals considered the constitutionality of a fee-for-service plan for medical care requested by an inmate. The Court found that the fee-for-service plan was adopted to teach prisoners financial responsibility and to deter the abuse of sick call, and that both of these goals fall well within the ambit of legitimate penological interests.[6] *See also James v. Quinlan*, 866 F.2d 627, 630 (3d Cir.1989) ("Here the Inmate Financial Responsibility Program would appear to be reasonably related to a legitimate penological interest in encouraging inmates to rehabilitate themselves by developing a sense of financial responsibility.").[7]

Here, there is a legitimate penological interest in collecting on an inmate's debts incurred as a consequence of his criminal conviction. It encourages rehabilitation by instilling a sense of financial responsibility. The issue of an inmate's ability to pay is reviewed by the court at the time of sentencing.

Danysh has failed to aver facts to establish a legal right to additional hearings as a threshold requirement to collection by the Department or to any of the other relief he requests. The preliminary objections of the Department are sustained and Danysh's petition for review is dismissed.

## ORDER

AND NOW, this 24th day of March, 2004, Respondents' preliminary objections in the above-captioned matter are hereby sustained and the petition for review is dismissed.

---

**5.** Act 84 amended Section 8127(a) of the Judicial Code, 42 Pa.C.S. 8127(a), by adding subsection (a)(5) which provides:

> (a) General rule and exceptions.—The wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process except upon an action or proceeding:
>
> \* \* \*
>
> (5) For restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding.

**6.** The Court explained:

> [W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. In our view, such a standard is necessary if prison administrators, and not the courts, are to make the difficult judgments concerning institutional operations.
>
> *Reynolds*, 128 F.3d at 175, (quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

**7.** On the other hand in *Higgins v. Beyer*, 293 F.3d 683 (3d Cir.2002), a state statute for collection of a crime victims' assessment from an inmate's account was found to be in conflict with Federal law prohibiting the attachment of inmate's veterans' disability checks under 38 U.S.C. § 5301(a). The Court reasoned that under the Supremacy Clause the state law had been abrogated by the conflicting Federal statute. The state simply lacked authority to override veterans' benefits by Congress. Federal law similarly protects Social Security benefits at 42 U.S.C. § 407(a). *Bennett v. Arkansas*, 485 U.S. 395, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988). Here, it is not contended by Danysh that his inmate account contains Social Security or Veterans' benefits.

CONCURRING/DISSENTING OPINION BY Judge SMITH–RIBNER.

I agree with the majority that Section 9728(b)(5) of the Sentencing Code, 42 Pa. C.S. § 9728(b), authorizes the Department of Corrections to make deductions from income in an inmate's personal account to collect court-ordered restitution. I depart, however, from the majority's decision to sustain Respondents' preliminary objections in the nature of a demurrer based on the broad holding that the Department may make deductions of 20% from "all funds" in an inmate's personal account whether derived from institutional earnings or from personal gifts. The majority relies on the exemption from process under Section 8127 of the Judicial Code, 42 Pa.C.S. § 8127, for "restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding."

The majority also expresses the view that legitimate penological interests may be advanced in collecting an inmate's debt from his or her personal inmate account and that an inmate's ability to pay a debt is determined in the first instance at the time of sentencing. I do not disagree that penological interests should be advanced in this or in any other state, but I do disagree with the notion that the Department can make deductions from personal gifts, or private property, of an inmate when that power is not expressly authorized by statute. Furthermore, no record exists before this Court, or before the agency, as to the nature of the gifts involved or as to the procedures instituted for making deductions from gifts or recording them in inmate accounts. Also statutory authority for making monetary deductions from an inmate's account is restricted under Section 8127(a)(5) of the Judicial Code, 42 Pa.C.S. § 8127(a)(5), to *"wages, salaries*

and *commission."* The majority, however, has rewritten this law to support its own interpretation: as rewritten, the statutory authority for making deductions from personal inmate accounts now covers "wages, *gifts* and *government benefits."* Op. at 263.

Act 84[1] amended Section 8127(a) of the Judicial Code, 42 Pa.C.S. § 8127(a), by adding subsection (a)(5). Section 8127(a)(5) now provides:

**(a) General rule and exceptions.—** *The wages, salaries and commissions* of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process except upon an action or proceeding:

. . . .

(5) For restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding. (Emphasis added.)

There is no question that the amendments restrict attachments to "wages, salaries and commissions" in the institution's hands. Act 84 also amended Section 9728(b) of the Sentencing Code. Section 9728(b)(5) now provides:

(5) The county correctional facility to which the offender has been sentenced or the [DOC] shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the [DOC] or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The [DOC] shall develop

1. Act No. 84 of 1998, Act of June 18, 1998, P.L. 640, effective October 18, 1998.

guidelines relating to its responsibilities under this paragraph.

DOC developed guidelines and issued its policy statement providing that "the business office will ... [d]educt from the inmate's account monthly payments for 20% of the preceding month's income provided the account balance exceeds $10.00." DC–ADM 005, Part VI(C)(4)(a).

The majority essentially adopts the view that the Department's policy statement is based upon statutory authority and that it supports the argument that personal gifts from family members or from any other outside source unrelated to an inmate's institutional earnings and deposited to the inmate's account are subject to automatic deduction to pay restitution or any other court-ordered obligation.[2] However, in *Chimenti v. Department of Corrections,* 720 A.2d 205, 210 (Pa.Cmwlth.1998), *aff'd,* 559 Pa. 379, 740 A.2d 1139 (1999), the Court indicated that "a statement of policy is a governmental agency's statutory interpretation, which a court may accept or reject depending upon how accurately the agency's interpretation effects the meaning of the statute." (quoting *Central Dauphin School District v. Department of Education,* 147 Pa.Cmwlth. 426, 434, 608 A.2d 576, 581 (1992)). The Department's policy devolving upon itself the power to automatically deduct 20% from personal gifts to inmates is not statutorily authorized, and, therefore, it is not binding on the Court. Although the Court has upheld the Department's authority under Act 84 to make deductions from inmate income, it does not follow that corresponding authority exists to make deductions from personal

gifts without first affording the inmate some appropriate due process protection. *See Reynolds v. Wagner,* 128 F.3d 166 (3d Cir.1997).

In *Sweatt v. Department of Corrections,* 769 A.2d 574, 576–577 (Pa.Cmwlth.2001), the Court reiterated the following principle:

> When ruling upon preliminary objections in the nature of a demurrer, the Court must accept as true all well-pleaded allegations of material fact as well as all reasonable inferences deducible therefrom. The Court is not required to accept as true any conclusions of law or expressions of opinion. A demurrer, which results in the dismissal of a suit, should be sustained only in cases that are free and clear from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded. (Citations omitted.)

Based on its reasoning, the majority cannot say that the issue in this case is free and clear from doubt and that it appears with certainty that the law would permit no relief or recovery under the allegations pleaded. Accordingly, I dissent from the decision to sustain Respondents' preliminary objections in the nature of a demurrer.

Judge FRIEDMAN joins this dissent.

---

**2.** Taking the majority's view to its most logical limits, the policy statement would allow automatic deductions to pay court-ordered child support, judgments for civil damages in suits against the inmate or any other court-ordered liability. Clearly, such automatic deductions are not authorized by Act 84.