# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Young,                 :
                               :
             Petitioner       :
                               :
            v.                  :    No. 365 M.D. 2015
                               :
PA Department of Corrections,     :    Submitted: November 20, 2015
                               :
            Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE MARY HANNAH LEAVITT, Judge[1]
                  HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**           **FILED: February 24, 2016**

Before this Court in our original jurisdiction are the two Preliminary Objections (POs) in the form of a demurrer of the PA Department of Corrections (Department) to the pro se Petition for Review in the Nature of a Complaint in Mandamus (Petition) of Dana Young. Young, an inmate incarcerated at State Correctional Institution-Mahanoy, alleges that the Department violated his procedural due process rights by removing him, for a six-month period, from his

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

membership in an inmate organization. In its POs, the Department alleges that: (1) Young failed to state a due process claim as he was not deprived of an interest protected by due process; and (2) the Petition is barred by the equitable doctrine of lis pendens. Because we agree that Young was not deprived of any interest protected by due process, we sustain the Department's first PO and dismiss the Petition.

On February 23, 2015, Young was observed by a prison activities department staff member sitting during a conditioning class and not participating. (Petition ¶ 5.) Four days later, Young was removed from the conditioning class and another class. (Petition ¶ 6.) He inquired about his removal to the Activities Manager who told him that he was removed due to an incident with the staff member on February 23, 2015. (Petition ¶¶ 7-8.) According to the Activities Manager's response, which was written by the staff member involved in the incident, Young was warned that he needs to participate in the conditioning class if he wanted to receive credit and that there was a waiting list for the class. (Petition, Ex. A.) Young responded by saying "That's crazy…kick me out, I don't give a [expletive]." (Petition, Ex. A.) On March 9, 2015, Young received a notice that he was banned from participating in inmate activities for six months, including his membership in an inmate organization, the Residents Betterment Organization (RBO). (Petition ¶ 9, Ex. B.)

On March 10, 2015, Young filed an inmate grievance with the Department challenging his removal from the RBO. (Petition ¶ 10.) Young contended the process by which he was barred from participating was contrary to the RBO's

2

bylaws and in violation of his due process rights. (Petition ¶ 10, Ex. C.) The grievance was denied on March 13, 2015. (Petition ¶ 11, Ex. D.) Young appealed the denial of his grievance, which was rejected. (Petition ¶¶ 12-13, Exs. E-F.) Young then sought a final review of his grievance on March 30, 2015. (Petition ¶ 14, Ex. G.) The Department's final answer to Young's grievance appeal is as follows.

> You state that on 3/9/15, you received notice that you were removed from RBO due to your 6 month removal from all activities department programs. Review of the record determined that your 6 month removal was due to an incident between you and [activities staff] while participating in a different program on 2/23/15. Nonetheless, the RBO is also an activities department program so your 6 month removal from the organization is appropriate. Therefore, your appeal to this office is denied as well as your requested relief.

(Petition, Ex. H.)

Young subsequently filed the instant Petition seeking relief in mandamus in this Court's original jurisdiction. In his Petition, Young alleges that he has a protected liberty interest in remaining a member of the RBO if he adheres to the rules provided in the RBO's bylaws and that the Department has a mandatory duty to rectify the situation. (Petition ¶¶ 18-19.) Young further alleges that the reason for his removal was based on an unfounded statement attributed to him and that his alleged violation of the conditioning program rule does not warrant his removal from the RBO. (Petition ¶¶ 20-21.)

The Department filed two POs in response to the Petition. The Department's first PO is in the nature of a demurrer and alleges that Young has not

pled facts indicating that he was deprived of his liberty interests. (POs ¶¶ 7-8.) According to the Department's POs, "[a]n inmate has no liberty interest in maintaining membership in a prison organization, or in having the privilege of attending a fitness class." (POs ¶ 8.) The Department alleges that because Young has no liberty interest in being a member of the RBO or taking part in a fitness class, the procedures that led to his removal are not subject to the strictures of due process. (POs ¶ 9.) Absent a cognizable liberty interest, the Department alleges that its decision is not reviewable by this Court. (POs ¶ 10.)

In its second PO, the Department alleges that Young's Petition is barred by the equitable doctrine of lis pendens. The Department alleges that Young filed a "nearly identical action in the Court of Common Pleas of Schuylkill County," which was dismissed as frivolous, subsequently appealed to this Court and awaits review.[2] (POs ¶¶ 12-14.) The Department alleges that the instant matter should be dismissed because Young should not be permitted to maintain both an original jurisdiction matter and a nearly identical matter in this Court's appellate jurisdiction at the same time. (POs ¶ 19.)

Young's Petition is in the nature of mandamus. A writ of mandamus "is an extraordinary remedy" used to compel a public official to perform a mandatory duty or ministerial act where, "1) the petitioner has a legal right to enforce the performance of that act, 2) the defendant has a corresponding duty to perform the act, and 3) there is no other adequate or appropriate remedy." Wilder v. Department of Corrections, 673 A.2d 30, 31-32 (Pa. Cmwlth. 1996). Mandamus is

---

[2] The appeal is captioned Young v. Surotchak, et al, 1464 C.D. 2015.

4

not the appropriate remedy to establish legal rights or to compel a public official to perform a discretionary act. Tindell v. Department of Corrections, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014).

We begin with the Department's demurrer to Young's allegation that he suffered a due process violation and that the Department has a mandatory duty to rectify the situation.[3] We start our due process analysis, as we always do, by determining whether an interest protected by due process exists. Wilder, 673 A.2d at 32. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (internal citations omitted). Although due process protections may differ in the prison context because lawful incarceration involves the retraction of many rights and privileges granted to the non-imprisoned population, "prisoners do not shed all constitutional rights at the prison gate." Sandin v. Conner, 515 U.S. 472,

---

[3] We have explained our standard of review applicable to the Department's demurrer as follows:

> Preliminary objections in the nature of a demurrer are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom, but not the complaint's legal conclusions and averments. The allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys. If a fair reading of the complaint shows that the complainant has pleaded facts that may entitle him to relief, the preliminary objections will be overruled. A demurrer should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded.

Danysh v. Department of Corrections, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004) (internal citations omitted).

485 (1995). The United States Supreme Court has held that a deprivation of a liberty interest protected by the Due Process Clause of the United States Constitution occurs in the prison context when the state "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Young alleges that he has a protected liberty interest in his participation in inmate activities programs, namely his membership in the RBO, and that he can only be removed by the RBO for infractions outlined in the RBO's bylaws. In support of his argument Young cites to our decision in Bush v. Veach, 1 A.3d 981 (Pa. Cmwlth. 2010). In that case, an inmate was removed from his job in the prison's kitchen when he was caught taking food from the kitchen. Id. at 984. Upon review, we concluded that the petitioner **did not** have a property right to maintaining his prison job that was protected by due process. Id. at 985. However, we concluded that the petitioner sufficiently alleged a cause of action for a violation of his rights established by the Department regulations. Id. at 985. The process for removing the petitioner from his job was set forth in Section 93.10 of the Department's regulations, 37 Pa. Code § 93.10. Section 93.10(a)(2)(v) of the Department's regulations state that an inmate found guilty of Class II misconducts may be removed from his job. 37 Pa. Code § 93.10(a)(2)(v). However, the regulations provide procedures for imposing such discipline, including written notice, a hearing, and an opportunity for the inmate to present evidence and tell his side of the story. 37 Pa. Code § 93.10(b). We held that, because the petitioner in that case did not receive written notice or any of the other procedures set forth in

6

the regulation, the petitioner stated a cause of action for a violation of the regulatory disciplinary process. <u>Bush</u>, 1 A.3d at 985.

Unlike the petitioner in <u>Bush</u>, who sufficiently alleged that he was deprived of rights provided in the Department's regulations, the rights established by the Department's regulations do not include participation in activities programs, nor has Young alleged that they do. Young alleges that the RBO's bylaws set forth a process for removal from the organization and that he was deprived of his liberty interest protected by due process because his removal did not conform to the RBO's bylaws. We disagree.

Pursuant to the United States Supreme Court's holding in <u>Sandin</u>, in order for Young to show that the bylaws created a liberty interest in maintaining a membership in the organization, Young would have to allege facts that could show that his six-month ban from participation in activities is an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484. Because Young has not alleged any facts showing an atypical or significant hardship arising from his six-month ban, we must conclude that Young has not stated a valid due process claim.[4] <u>See Mullings v. Pennsylvania Department of Corrections</u> (Pa. Cmwlth., No. 145 M.D. 2010, filed January 27,

---

[4] In <u>Yount v. Pennsylvania Department of Corrections</u>, 886 A.2d 1163, 1168 n.4 (Pa. Cmwlth. 2005), the Court agreed that a petition for review failed to state any cause of action related to membership in a supportive inmate organization, and petitioner acknowledged that he did "not have any free-standing liberty interest in . . . membership in a supportive inmate organization . . . that would form the basis for a cause of action in this matter in the absence of retaliatory actions by Respondents."

7

2011), slip op. at 6 (holding that an inmate does not have a protected liberty interest in continued participation in a school program).[5] According to the United States Supreme Court, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485. Young's six-month ban on participating in activities falls within this category of discipline and is one of "the ordinary incidents of prison life." Id. at 484.

We, therefore, conclude that Young has no clear legal right to relief and mandamus is unavailable. Accordingly, the Department's first PO is sustained and Young's Petition is dismissed.[6]

_____

**RENÉE COHN JUBELIRER, Judge**

---

[5] Pursuant to Section 414 of this Court's Internal Operating Procedures, an unreported panel decision issued by this Court after January 15, 2008 may be cited "for its persuasive value, but not as binding precedent." 210 Pa. Code § 69.414.

[6] Because we sustain the Department's PO alleging that Young has not stated a claim that his liberty interests were deprived, we need not address the Department's second PO alleging that the matter is barred by the doctrine of lis pendens.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Young,               :
                             :
           Petitioner     :
                             :
        v.                :     No. 365 M.D. 2015
                             :
PA Department of Corrections,   :
                             :
           Respondent    :

## O R D E R

**NOW**, February 24, 2016, the PA Department of Corrections' first Preliminary Objection to Dana Young's Petition for Review in the Nature of a Complaint in Mandamus (Petition for Review) in the above-captioned matter is **SUSTAINED.** The Petition for Review is **DISMISSED.**

_____
**RENÉE COHN JUBELIRER, Judge**