IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Ivory,
                Petitioner         :
                                    :
        v.                        :
                                    :
Pennsylvania Department       :
of Corrections,               :   No.  630 M.D. 2014
                Respondent    :   Submitted:  July 28, 2017

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE              FILED:  December 15, 2017

On December 4, 2014, Mark Ivory (Petitioner) filed an application for a writ of *habeas corpus*, alleging he was not awarded credit due towards a sentence imposed following entry of a guilty plea for possession of a controlled substance. This Court, by *per curiam* order dated February 22, 2017, directed that the matter be treated as a petition for review filed to this Court's original jurisdiction.[1] The Department of Corrections (Department) filed preliminary objections for lack of service and failure to conform to the requirements of Pa.R.A.P. 1514(c),[2] failure to

---

[1] 42 Pa.C.S. § 761; Pa.R.A.P. 1502.

[2] Pa.R.A.P. 1514(c) requires that a copy of a petition for review be served in person or by certified mail on the government unit that made the determination sought to be reviewed.  In matters involving the Commonwealth, the Office of Attorney General (OAG) must also be served.

conform to the requirements of Pa.R.C.P. No. 1028(a)(2),[3] and for legal insufficiency of a pleading (demurrer). On April 4, 2017, this Court issued a *per curiam* order directing Petitioner to serve a copy of the petition on the Department and OAG as required by Pa.R.A.P. 1514(c). An affidavit of service was filed by Petitioner on April 20, 2017. Thereafter, this Court overruled the Department's preliminary objections relating to lack of service and failure to conform to rules, with the remaining preliminary objection to be decided on briefs.[4]

Petitioner is an inmate presently incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania (SCI-Houtzdale). Petitioner was arrested on February 11, 2011 and held pending charges for cases docketed with the Court of Common Pleas of Cambria County (trial court) at CP-11-CR-0000443-2011 (Case 1) and CP-11-CR-0000442-2011 (Case 2). Petitioner posted bail on September 16, 2011, and was released. Petitioner was arrested December 1, 2011 on new charges in a case docketed with the trial court at CP-11-CR-0000125-2012 (Case 3). Thereafter, Petitioner's bail for Cases 1 and 2 was revoked.

On August 17, 2012, Petitioner was sentenced for Case 3 to serve four to fifteen years, with credit applied towards his sentence to reflect the time from December 1, 2011 through August 17, 2012, during which he was held pending trial. On February 7, 2013, the trial court sentenced Petitioner to serve six to twelve months for Case 1. Case 2 was *nolle-prossed.*

---

[3] Pa.R.C.P. No. 1028(a)(2) permits the filing of preliminary objections where a pleading fails to conform to law or rule of court or includes scandalous or impertinent matter.

[4] A court may sustain preliminary objections only when, based on the facts pleaded, it is clear and free from doubt that the petitioner will be unable to prove facts legally sufficient to establish a right to relief. *Feldman v. Hoffman*, 107 A.3d 821 (Pa. Cmwlth. 2014).

On April 16, 2014, Petitioner filed a writ of *Habeas Corpus ad subjudiciendum* with the trial court, alleging ambiguities in the sentence for Case 1, specifically as to whether credit should be applied to the sentence. The trial court issued an order on October 3, 2014, modifying Petitioner's sentence for Case 1 to include 215 days of credit, reflecting the period from February 14, 2011 to September 16, 2011 when he was held pending disposition of charges. The order further indicated if the time as calculated had been previously applied to another sentence, it could not be applied a second time.

Petitioner alleges that credit was never applied to his sentence in accordance with the trial court's October 3, 2014 order. Petitioner contends the Department refused to apply the credit because his sentence had already been completed. Petitioner argues that, if the credit was not properly applied to his now-expired sentence in Case 1, it should instead be applied as credit towards his sentence in Case 3.

In support of its demurrer, the Department argues Petitioner has no legal argument with a basis in fact or law, as the credit of 215 days was applied to Petitioner's sentence in Case 1 even before the trial court issued its clarification order directing that a credit be given. The Department therefore requests this Court sustain its preliminary objection and dismiss the Petitioner's petition.

When considering a preliminary objection in the nature of a demurer, the court deems as admitted all well-pleaded material facts and any inferences reasonably deduced therefrom, but not the complaint's legal conclusions and averments. *Danysh v. Department of Corrections,* 845 A.2d 260, 262. (Pa. Cmwlth. 2004). A demurrer resulting in the dismissal of a suit should only be sustained in cases that are free and clear from doubt and only where it appears with certainty that

3

the law would permit no recovery under the allegations pleaded. *Sweatt v. Department of Corrections*, 769 A.2d 574, 577 (Pa. Cmwlth. 2001).

The Department argues its preliminary objection in the nature of a demurrer should be sustained as Petitioner has failed to present any clear legal right to relief on the face of his complaint. We therefore turn to an analysis of Petitioner's pleadings.

Petitioner alleges in his petition that he is entitled to 215 days of credit towards his sentence in Case 1, reflecting the time he was held pending charges. It is well established that an inmate is entitled to credit towards a maximum sentence date for time he was held in custody pending those charges. Section 9760(1) of the Judicial Code provides that "[c]redit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody." 42 Pa.C.S. § 9760(1). Petitioner is clearly entitled to credit for the 215 days spent incarcerated prior to sentencing for Case 1. This right to a credit is properly reflected in the trial court's clarification order of October 3, 2014, which indicates credit for the period from February 14, 2011 to September 16, 2011 should be included in the calculation of Petitioner's sentence. (Petitioner's Petition, Exhibit A.)

However, as the Department points out, Petitioner has pleaded no facts to support a claim that the 215 days of credit to which he is entitled was not, in fact, applied to his sentence. Attached as Exhibit B to the Department's Brief is a Court Commitment form (commitment form) for Case 1.[5] (Department's Brief, Exhibit

---

[5] Beyond attaching the trial court's October 3, 2014 order to his petition, Petitioner did not append supporting documentation. This Court may consider the exhibits attached to the Department's preliminary objections as an exception to the rule against speaking demurrers because those matters are not collateral to Petitioner's pleading. Rather, Petitioner has premised his cause of action upon those documents and whether the Department properly credited him with time served. *See Barndt v. Pennsylvania Department of Corrections,* 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006).

B.) The commitment form contains a field wherein credit for time served may be indicated. *Id.* at 1. The field for Petitioner's commitment form clearly indicates Petitioner is entitled to 215 days of credit. *Id.* The second page of the commitment form indicates Petitioner received credit for time served in the Cambria County Prison for the period from February 14, 2011 through September 16, 2011. *Id.* at 2. The Department also attached a Department DC16E Sentence Status Summary form (DC16E form) to its brief as Exhibit A. This DC16E form, dated June 12, 2014, indicates that Petitioner's sentence for Case 1 was "maxed w/credit on 7/7/2013." (Department's Brief, Exhibit A at 1.)

Petitioner attached both the commitment and DC16E forms to his brief and has not averred any inaccuracies therein. Petitioner has further failed to allege any facts which support the claim he was not properly credited 215 days for time served. Instead, Petitioner only presents a general allegation that his time was not credited. Although Petitioner's counseled advocacy makes its best case, based on the dearth of facts pleaded to support Petitioner's claim (and the apparent unavailability of such facts), we are compelled to sustain the Department's preliminary objection and dismiss Petitioner's petition.

_____
JOSEPH M. COSGROVE, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Ivory,
               Petitioner        :
                                 :
        v.                      :
                                 :
Pennsylvania Department    :
of Corrections,                :   No.  630 M.D. 2014
               Respondent   :

O R D E R

AND NOW, this 15th day of December, 2017, the preliminary objection of the Department of Corrections is sustained and the petition for review filed by Mark Ivory is hereby dismissed.

_____
JOSEPH M. COSGROVE, Judge