# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brenton C. Rodeheaver,            :
           Petitioner     :
           :
      v.                :     No. 477 M.D. 2020
           :     Submitted: March 26, 2021
Bedford Pa. Court of Common Pleas,   :
Probation Dept. of Bedford County    :
Chief M. Keith Bowser, Pa. Department :
of Corrections John Wetzel, Secretary   :
D.O.C. Pa.,                :
           Respondents   :


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION BY
PRESIDENT JUDGE BROBSON           FILED: November 19, 2021


      Before the Court are two sets of preliminary objections—one filed by Respondents the Pennsylvania Department of Corrections (DOC) and the Secretary of Corrections, John Wetzel (collectively, Corrections Respondents), and the other filed by the Court of Common Pleas of Bedford County (Common Pleas) and the Probation Department of Bedford County (Probation Department) (collectively, Bedford Respondents)—to an amended petition for review (Amended Petition) filed by Petitioner Brenton C. Rodeheaver (Rodeheaver), an inmate at the State Correctional Institution (SCI) at Greene. For the reasons set forth below, we sustain the preliminary objections filed by the Corrections Respondents and dismiss Rodeheaver's Amended Petition.

# I. BACKGROUND

In his Amended Petition, Rodeheaver avers that DOC illegally seized $2,500.28 that was paid to Rodeheaver from a retirement annuity plan pursuant to a qualified domestic relations order (QDRO)[1] as a result of his mother's death.[2, 3] (Amended Petition ¶¶ 1-2, 6.) According to Rodeheaver, he first filed a grievance with DOC regarding these funds, which DOC denied, citing DOC's internal policy, DC-ADM 005.[4] (Amended Petition ¶ 3.) He avers that the funds, which he characterizes as retirement funds, were exempt from attachment or execution on judgments pursuant to Section 8124 of the Judicial Code, 42 Pa. C.S. § 8124. (*Id.* ¶¶ 4-5.) Thus, according to Rodeheaver, notwithstanding DOC's authority to collect

---

[1] "A QDRO is a type of domestic relations order that creates or recognizes an alternate payee's right to, or assigns to an alternate payee the right to, a portion of the benefits payable with respect to a participant under a plan." *Jago v. Jago*, 217 A.3d 289, 293 (Pa. Super. 2019) (emphasis omitted) (quoting *Boggs v. Boggs*, 520 U.S. 833, 846 (1997)); *see also* Section 1056(d) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1056(d) (relating to assignment of pension plan benefits). "The QDRO provisions address the rights of divorced and separated spouses, and their dependent children, which are the traditional concern of domestic relations law." *Jago*, 217 A.3d at 294 (quoting *Boggs*, 520 U.S. at 849).

[2] Rodeheaver avers that the Family Court of Mineral County, West Virginia, issued the QDRO on October 16, 2017, and it divided funds from the Plumbers & Steamfitters Local #489 Pension Trust Plan. (Amended Petition, Exhibit B.) It appears that the West Virginia Family Court forwarded the funds to DOC, which then sent the funds to the Court of Common Pleas of Bedford County, which applied the funds to outstanding costs, restitution, or fines, in accordance with DOC's request. (*See* Amended Petition ¶ 1.)

[3] Rodeheaver, acting *pro se*, initially filed a "Motion for Return of Property" in August 2020, which the Court treated as a petition for review in this Court's original jurisdiction. He filed the Amended Petition in response to the Court's order dated August 27, 2020, which instructed him, in part, to amend his petition to add DOC and the Probation Department as respondents. The Court included the Probation Department because it understood Rodeheaver to be making a claim against it as well as against the Court of Common Pleas of Bedford County.

[4] *See* https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/005%20Collec tion%20of%20Inmate%20Debts.pdf (last visited November 18, 2021).

costs under Act 84,[5] DOC illegally seized the funds at issue.  (*Id.* ¶¶ 4-6.) Rodeheaver further avers that the seizure violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  (*Id.* ¶ 6.)  Rodeheaver seeks relief in the form of a return of the funds and an order prohibiting DOC from making any further seizure of the funds pursuant to Act 84. (*Id.* ¶ 4.)   The Corrections Respondents and the Bedford Respondents both preliminarily object to Rodeheaver's Amended Petition on the basis that it fails to state a claim for relief (demurrer).

## II.  ISSUES

The Corrections Respondents and the Bedford Respondents argue that the Amended Petition fails to state a claim upon which relief may be granted.  The Corrections Respondents essentially contend that:  (1) DOC was authorized to seize the funds from Rodeheaver's inmate account because Act 84 makes no exception for retirement funds and it allows for deductions regardless of the source of funds; (2) even if Section 8124 of the Judicial Code exempts retirement funds from attachment or execution on judgments, the funds at issue are not "retirement funds" as set forth in Section 8124; and (3) Rodeheaver fails to allege facts sufficient to establish a claim for relief under the Fourth, Fifth, or Fourteenth Amendments to the United States Constitution.  The Bedford Respondents similarly contend that Act 84 makes no exception for retirement funds, and DOC, therefore, is empowered to make deductions from Rodeheaver's inmate account regardless of the source of the funds.

---

[5] Section 9728(b)(5) of the Sentencing Code, 42 Pa. C.S. § 9728(b)(5), is commonly referred to as "Act 84," and it provides:

> [DOC] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1), filing fees to be collected under section 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation.

They also contend that Rodeheaver raises no facts in the Amended Petition indicating that the Bedford Respondents had any involvement in or knowledge of DOC's seizure of Rodeheaver's funds, and, as a result, Rodeheaver has failed to state a claim against them.

## III. DISCUSSION

As set forth above, this matter comes before the Court on preliminary objections, and our review, therefore, is limited to the pleadings. *Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 415 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007). We must accept as true the well-pled averments set forth in the Amended Petition and any reasonable inferences logically drawn therefrom. *See Pa. State Troopers Ass'n v. Cmwlth.*, 606 A.2d 586, 587 (Pa. Cmwlth. 1992). We need not accept, however, "conclusions of law, unwarranted inferences from [the] facts, argumentative allegations, or expressions of opinion." *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). Nevertheless, given Rodeheaver's *pro se* status, we engage in a liberal review of the Amended Petition to determine whether he is entitled to legal relief. *See Madden v. Jeffes*, 482 A.2d 1162, 1165 (Pa. Cmwlth. 1984).

Pennsylvania Rule of Civil Procedure 1028(a) sets forth the bases upon which a party may preliminarily object to a pleading, including failure of a pleading to conform to a rule of court, insufficient specificity in a pleading, and demurrer. As to the last basis, in order to sustain a preliminary objection based on demurrer, it must appear with certainty that the law will not permit recovery on the claim. *Pa. State Lodge*, 909 A.2d at 416. Any existing doubt must be construed against sustaining the objection. *Id*. Moreover, we have held that "a demurrer cannot aver

4

the existence of facts not apparent from the face of the challenged pleading." *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

As to the Corrections Respondents' first contention that Act 84 makes no exception for retirement funds, they assert that "[t]he personal account of an inmate may be derived from various sources, including wages, gifts and government benefits. The source of funds is of no moment." (Corrections Respondents' Prelim. Objs. ¶ 18 (quoting *Danysh v. Dep't of Corr.*, 845 A.2d 260, 263 (Pa. Cmwlth. 2004), *aff'd*, 881 A.2d 1263 (Pa. 2005))). They argue that Act 84 empowers them to establish guidelines for implementation of the statute, which they note they have done in DC-ADM 005, titled Collection of Inmate Debts, which defines income as follows:

> [A]ll funds credited to an inmate's account regardless of source. The only exceptions are . . . refunds of commissary purchases, refunds of purchases initiated through the facility, money sent to the inmate for payment of a private viewing/deathbed visit, Social Security Disability payments, and Veterans Administration benefits.

(*Id.* ¶ 20.)[6] Because retirement funds are not enumerated in the exceptions to income, they allege that the $2,500.28 deduction from the annuity payment was properly made. We disagree that the analysis ends there.

In *Danysh*, we considered, in part, whether Section 8127 of the Judicial Code, 42 Pa. C.S. § 8127, which exempts personal earnings in the possession of an employer from garnishment, prevented DOC from seizing an inmate's funds pursuant to Act 84 when the funds were deposited into the inmate's account as a personal gift. *Danysh*, 845 A.2d at 263-64. Denying the inmate's petition for a

---

[6] *See also* DC-ADM 005, Collection of Inmate Debts, Glossary of Terms, https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/005%20Collection%20of%20Inmate%20Debts.pdf (last visited November 18, 2021).

5

return of property and declaratory judgment, we wrote: "Arguably, should a personal gift find its way to an employer's custody, it would be sheltered from process under [Section] 8127. However, there is an exception [in Section 8127(a)(5)] for 'restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding.'" *Id.* Accordingly, while we noted in *Danysh* that under Act 84 the "source of funds is of no moment," we recognized that the Judicial Code provides separate protections that would supersede Act 84's authority. *Id.* Any workaround would have to come from an exception within the Judicial Code.

Here, Rodeheaver similarly claims that his funds are exempt from garnishment, but he alleges that Section 8124(b) of the Judicial Code, 42 Pa. C.S. § 8124(b), supplies the shelter. Section 8124(b)(1)(vii) provides:

> Except as provided in paragraph (2), the following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment: . . . (vii) [a]ny pension or annuity, whether by way of a gratuity or otherwise, granted or paid by any private corporation or employer to a retired employee under a plan or contract which provides that the pension or annuity shall not be assignable.

42 Pa. C.S. § 8124(b)(1)(vii). Noticeably absent from this provision is an exception for "restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding" or similar language to that effect. Accordingly, in consideration of this clear statutory language, we cannot agree that Act 84 imparts unfettered authority upon DOC to seize funds from a judgment debtor's retirement account or annuity plan.

Notwithstanding the foregoing, in consideration of Corrections Respondents' second argument regarding the character of the funds, we agree with DOC that the funds in question are not protected by Section 8124 of the Judicial Code.

6

Section 8124(b)(1)(vii) specifically provides that only the pension or annuity plan granted or paid to a "retired employee" shall be exempt from attachment or execution on a judgment. 42 Pa. C.S. § 8124(b)(1)(vii). As noted above, the funds at issue here were sent to Rodeheaver from a retirement annuity plan pursuant to a QDRO as a result of his mother's death. Rodeheaver does not aver in the Amended Petition that the annuity plan is or was his own or that he is a retired employee in relation to the annuity plan such that Section 8124(b)(1)(vii) applies to protect the funds in question. Thus, we conclude that DOC did not err in seizing or deducting the $2,500.28 from Rodeheaver's inmate account pursuant to Act 84.

Lastly, the Corrections Respondents contend that Rodeheaver has failed to present facts supporting his claim that the funds were seized in violation of his Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution.[7] As it concerns the Fourth Amendment, Rodeheaver alleges that Corrections Respondents violated his right to be free from unreasonable search and seizure when they confiscated the funds from his inmate account and refused to return them. An inmate, however, does not have a reasonable expectation of privacy during incarceration that entitles the inmate to protection under the Fourth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984). This extends to an inmate's financial account. *Jackson v. SCI-Camp Hill* (M.D. Pa., Civil No. 1:11-CV-1135, filed September 11, 2012) at 5-6; *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (recognizing that Fourth Amendment does not

---

[7] The Corrections Respondents raised this issue in their preliminary objections in the nature of a demurrer. As it relates to Rodeheaver's claims under the Fifth and Fourteenth Amendments to the United States Constitution, however, they are really alleging insufficient specificity in a pleading, another form of preliminary objection set forth in Pennsylvania Rule of Civil Procedure 1028(a)(3). We will, therefore, address their argument as to those claims under the standard for insufficient specificity in a pleading.

protect inmate from seizure and destruction of his property).[8] Accordingly, Rodeheaver has not stated a claim for relief as it concerns the Fourth Amendment. Moreover, with regard to Rodeheaver's complaints under the Fifth and Fourteenth Amendments, we agree with Corrections Respondents that Rodeheaver has failed to plead facts that are sufficient to state a claim for relief. Specifically, Rodeheaver does not explain *how* DOC violated his due process rights other than to say that those rights were violated. Pennsylvania Rule of Civil Procedure 1019(a) provides that "[t]he material facts on which a cause of action . . . is based shall be stated in a concise and summary form." General allegations of wrongdoing, without the support of specific factual averments, fail to meet this pleading standard. *McCulligan v. Pa. State Police*, 123 A.3d 1136, 1141 (Pa. Cmwlth. 2015), *aff'd*, 135 A.3d 580 (Pa. 2016). Clearly, Rodeheaver's claims concerning due process are insufficient to satisfy this pleading standard. Based on the foregoing, we conclude that Rodeheaver has not stated a claim for relief as it concerns his Fourth, Fifth, and Fourteenth Amendment rights.

---

[8] While decisions of federal district courts and courts of appeals, including those of the Third Circuit, are not binding on Pennsylvania courts, even where a federal question is involved, they have persuasive value. *Kutnyak v. Dep't of Corr.*, 923 A.2d 1248, 1250 (Pa. Cmwlth. 2007) (citing *Garber v. Dep't of Corr. Sec'y*, 851 A.2d 222, 226 n.9 (Pa. Cmwlth. 2004)). It is appropriate to follow them where the United States Supreme Court has not spoken. *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 772 n.11 (Pa. Cmwlth. 1997).

## IV.  CONCLUSION

For the reasons set forth above, we sustain the preliminary objections of the Corrections Respondents and dismiss the Amended Petition.[9]

 

 

_____

P. KEVIN BROBSON, President Judge

---

[9] Given that we must dismiss the Amended Petition because Rodeheaver has failed to state any claims for relief, we need not address the preliminary objections of the Bedford Respondents.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brenton C. Rodeheaver,           :
                  Petitioner   :
                          :
        v.               :   No. 477 M.D. 2020
                          :
Bedford Pa. Court of Common Pleas,  :
Probation Dept. of Bedford County   :
Chief M. Keith Bowser, Pa. Department :
of Corrections John Wetzel, Secretary  :
D.O.C. Pa.,                    :
                Respondents  :

# O R D E R

AND NOW, this 19th day of November, 2021, the preliminary objections of Pennsylvania Department of Corrections and John Wetzel, Secretary of Corrections, to Petitioner's amended petition for review (Amended Petition) are SUSTAINED, and the Amended Petition is DISMISSED.

 

_____
P. KEVIN BROBSON, President Judge