# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mahmoud Abuhadba, :
                  Petitioner :
  :
         v. : No. 22 M.D. 2024
  :
Commonwealth of Pennsylvania, :
Department of Corrections, :
                  Respondent : Submitted: October 8, 2024


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
                  HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                       FILED:  November 21, 2024


       Mahmoud Abuhadba (Abuhadba) has filed a petition for review in the nature of an action in mandamus (Petition) challenging the Department of Corrections' (DOC) computation of two criminal sentences imposed on Abuhadba. Before the Court is DOC's preliminary objection in the nature of a demurrer or, in the alternative, an application for summary relief in response to the Petition. For the following reasons, we overrule DOC's preliminary objection, deny its alternative request for summary relief, and direct it to answer the Petition.

       On March 19, 2013, the Monroe County Court of Common Pleas (sentencing court) sentenced Abuhadba to an aggregate term of incarceration of not less than 29 months nor more than 84 months, with a credit for pre-sentence detention of 228 days (Original Sentence). Pet. ¶¶ 2, 4; *Commonwealth v. Abuhadba* (Monroe CCP, No. 2175-2012, public docket).

On September 30, 2015, Petitioner pled guilty to new criminal charges filed at two different dockets based on an incident that occurred March 17, 2015. Pet. ¶ 3. For those new convictions, Abuhadba was sentenced to serve 30 to 60 months for each offense, to be served consecutively for a total of 60 to 120 months (New Sentence). *Id.* ¶ 4 & Ex. B (Dec. 8, 2015 sentencing order). The New Sentence was to be credited with time served beginning March 17, 2015. *Id.* Ex. B at 2. A court commitment form produced by DOC in response to the New Sentence notes a credit against that sentence for the period from March 17, 2015, to December 8, 2015 (267 days). *Id.* Ex. C at 2.

In 2016, DOC issued a sentence status summary for Abuhadba's 2013 conviction and Original Sentence, which references a "commitment credit" of "228 days". Pet. Ex. A at 1-2 (Original Sentence Summary). In 2021, DOC issued a sentence status summary for Abuhadba's 2015 convictions and New Sentence. Pet. Ex. D (New Sentence Summary). The New Sentence Summary indicates a commitment credit against the New Sentence from March 17, 2015, to February 4, 2016 (324 days). *Id.* Ex. D at 1.

On or about May 26, 2021, DOC informed Abuhadba that he was to begin serving the New Sentence. Pet. ¶ 7. Petitioner believed that since he began serving the New Sentence in 2021 (i.e., 7 years after his Original Sentence, which was the maximum length of that sentence) he had effectively been denied credit for time served from the December 8, 2015 sentencing, and also for the credit granted as part of his Original Sentence. *Id.* ¶¶ 4, 7. Petitioner filed grievances or sought assistance to correct the perceived miscalculation, but DOC denied relief. *Id.* Ex. E.

On January 25, 2024, Abuhadba filed the Petition, which consists of a single count of mandamus relief. Pet. ¶¶ 12-18. Abuhadba alleges DOC did not

compute his sentence correctly and seeks mandamus to compel DOC to compute his sentence with credit as the sentencing orders provide. *Id.*

DOC filed the preliminary objection, consisting of a single demurrer to the Petition. The demurrer asserts that DOC did grant pre-sentence credit of 320 days toward the New Sentence, as shown by a change in the start date of that sentence from May 20, 2021, to June 29, 2020,[1] which effectively reduced the sentence by 320 days. Preliminary Objection ¶ 28. DOC views the relief requested in the Petition as constituting a request for double credit, which it cannot have a legal duty to grant because Section 9760 of the Prison and Parole Code prohibits double credit. *Id.* ¶¶ 27, 31 (citing 42 Pa.C.S § 9760). DOC also asserts that if Abuhadba believes he did not get the benefit of his plea negotiation, his remedy lies in the sentencing court. *Id.* ¶ 33. DOC also embedded an alternative request for summary relief within the same filing as its preliminary objection.[2] *See* Preliminary Objection ¶ 23. DOC attaches and relies on various parole documents in that filing.

DOC argues the exhibits to the Petition itself show Abuhadba was given proper credit. For the Original Sentence, it points to the Original Sentence Summary, which lists a 228-day credit, and sets the maximum date for that sentence as August 3, 2019, which is 228 days before the original maximum date of March 18, 2020 (i.e., 7 years after the Original Sentence began). DOC also claims any challenge to the Pennsylvania Parole Board's recalculation of Abuhadba's maximum sentence date belongs in our appellate jurisdiction only and is untimely. For the New Sentence, DOC argues that sentence began on May 20, 2021; that a 10-year maximum date would initially be May 19, 2031; and that the New Sentence

---

[1] The duration between these two dates is actually 325 days, not 320 days as DOC suggests.
[2] DOC styled the filing as a "Preliminary Objection to Petition for Review or in the Alternative Application for Summary Relief." Preliminary Objection at 1.

Summary shows a maximum date of June 29, 2030, which is 325 days before the initial maximum date, reflecting a credit of 325 days. DOC argues the Original Sentence must be served first, and the New Sentence thus could not begin until May 20, 2021, since that is the maximum date for the Original Sentence reflected in the Parole Board decisions DOC attaches to the preliminary objection.

In response, Abuhadba argues that DOC is relying on Parole Board decisions not included in the Petition, so the Court must overrule the preliminary objection as an impermissible speaking demurrer. Further, Abuhadba points out that the demurrer and alternative request for summary relief allege new facts not of record (i.e., the Parole Board decisions that DOC alleges grant the proper credit) but is not verified as required of pleadings under Pa. R. Civ. P. 1024. Abuhadba disputes DOC's factual assertions that the Parole Board awarded the proper credit and properly recalculated his maximum dates. He emphasizes that the Parole Board decisions attached to DOC's filing do not show how backtime, credit for time at liberty, and the 228-day credit were all accounted for relative to his Original Sentence.

We first consider DOC's demurrer.[3] "[W]hen considering a demurrer, a court cannot consider matters collateral to the [petition for review], but must limit itself to such matters as appear therein, and an effort to supply facts missing from the objectionable pleading makes the preliminary objection in the nature of a demurrer an impermissible 'speaking demurrer.'" *Mobley v. Coleman*, 65 A.3d 1048, 1053 (Pa. Cmwlth. 2013). "A limited exception to the rule against speaking demurrers exists for documents filed in support of a demurrer where a plaintiff has

---

[3] When ruling on preliminary objections in the nature of a demurrer, we accept as true all well-pled material facts and any reasonable inferences therefrom. *Danysh v. Dep't of Corr.*, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004), *aff'd*, 881 A.2d 1263 (Pa. 2005).

4

averred the existence of certain written documents and premised his cause of action upon those documents." *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006).

DOC claims that the Original Sentence was properly credited with the ordered 228 days, but also was correctly calculated to end in 2021. The only basis on which both of those propositions could be true is that the Parole Board denied Abuhadba credit for some period of time at liberty on parole. This is because, without a denial of credit, the duration of the Original Sentence (from 2013 to 2021) would equal or exceed the full maximum length of that sentence (which was 7 years) leaving no room for the 228-day credit to have been applied. Thus, DOC's demurrer, at least as to the Original Sentence, depends upon the Parole Board documents that show how each type of credit was granted or denied. And the *Barndt* exception does not apply to those documents. The Petition does not allege the existence of, or rely on, any Parole Board decision, nor does it discuss Abuhadba's apparent parole from the Original Sentence at all. Thus, DOC's preliminary objection is an impermissible speaking demurrer that the Court must overrule.

Turning to the alternative request for summary relief,[4] we first note that the filing containing that request and DOC's preliminary objections is unverified. Both pleadings and applications (including for summary relief) must be verified if they assert facts not already of record. *See* Pa.R.Civ.P. 1024 (regarding pleadings);

---

[4] We grant summary relief only when it is clear and free from doubt that the movant is entitled to judgment as a matter of law. *Detar v. Beard*, 898 A.2d 26, 28-29 (Pa. Cmwlth. 2006). Although summary relief can be requested "at any time," Pa.R.A.P. 1532(b), including before a respondent has answered an original jurisdiction petition for review, we must deny summary relief if material facts are disputed, *see Meggett v. Pa. Dep't of Corr.*, 892 A.2d 872, 877 (Pa. Cmwlth. 2006).

Pa.R.A.P. 123(c) (regarding "speaking applications").[5] The absence of a verification is concerning given that DOC's summary relief claim depends on extra-record facts (i.e., the fact of Abuhadba's parole, recommitment, and imposition of backtime and/or credit).

But even if we consider the documents attached to DOC's filing without verification, they are not clear enough to warrant summary relief. DOC is correct that the New Sentence Summary reflects a credit of 324 days, as ordered, which credit is reflected in the calculation of the length of that sentence. However, Abuhadba also disputes the proper start date of the New Sentence, which depends upon the correct calculation of the Original Sentence. DOC effectively concedes that point, emphasizing that the Original Sentence must be served first. As discussed above, the Parole Board documents DOC attaches do not show that the Original Sentence was properly calculated. They do not demonstrate whether the Parole Board denied credit for time at liberty, which would be necessary to explain why the Original Sentence did not end until 2021 (as opposed to in 2019, which DOC acknowledges was the maximum date when initially accounting for the ordered 228-day credit). Nor do they contain any explicit calculation of Abuhadba's sentence that shows how the 228-day credit was applied. Although the Parole Board obviously recalculated Abuhadba's maximum date on the Original Sentence, we do not know whether that was the result of denying credit for time at liberty, a failure to apply the 228-day credit, or some combination of those two things. Thus, even

---

[5] The fact that preliminary objections are governed by the Civil Rules regarding pleadings, whereas a summary relief application is governed by the Appellate Rules regarding applications, may help explain why it is unusual for a party to combine the two into a single filing. Our research identifies only one reported decision discussing a combined preliminary objection and summary relief request, and the Court sustained the demurrer at issue there, thus giving no guidance on how to view or address an alternative summary relief request. *Uniontown Hosp. v. Dep't of Health*, 905 A.2d 560, 566 (Pa. Cmwlth. 2006).

6

considering the documents DOC proffers, Abuhadba "may be entitled to *some* relief, albeit an unknown amount," and DOC's right to relief is not clear and free from doubt. *Davis v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 4 M.D. 2018, filed Sept. 6, 2018), slip op. at 4, 2018 WL 4224369.[6] Importantly, Abuhadba disputes the fact of the Parole Board's award of credit in its parole revocation decision. Answer to Preliminary Objection ¶ 12. With that dispute of fact, and because the documents DOC provides do not clearly entitle DOC to relief, summary relief is not warranted. *Meggett*, 892 A.2d at 877.

For these reasons, we overrule DOC's preliminary objection and deny its alternative request for summary relief.

_____
MATTHEW S. WOLF, Judge

---

[6] Unreported opinions of this Court filed after January 15, 2008, may be cited for their persuasive value. Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mahmoud Abuhadba,          :
         Petitioner      :
                        :
       v.                 :    No. 22 M.D. 2024
                        :
Commonwealth of Pennsylvania,   :
Department of Corrections,       :
         Respondent    :

# **O R D E R**

AND NOW, this 21st day of November 2024, the preliminary objection filed by the Pennsylvania Department of Corrections (DOC) is OVERRULED, and DOC's alternative request for summary relief is DENIED. DOC shall file an answer to Mahmoud Abuhadba's petition for review within thirty days of this order.

 

_____
MATTHEW S. WOLF, Judge