

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2006

# Anderson v. Comm of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Anderson v. Comm of PA" (2006). *2006 Decisions.* Paper 588.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/588

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-287                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1375
_____

BERNARD ANDERSON,

Appellant,

v.

COMMONWEALTH OF PENNSYLVANIA;
SHARON M. BURKS; DAVID DUGHELMO;
MR. WALTON, M.D.; MR. PISANO, M.D. (Full name of M.D.s unknown)
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-05058)
District Judge: Honorable Michael M. Baylson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
July 27, 2006

BEFORE: FUENTES, VAN ANTWERPEN and CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed:  August 15, 2006)

_____

OPINION
_____

PER CURIAM

    Bernard Anderson, an inmate at the State Correctional Institution at Graterford

("SCI-Graterford"), appeals following the order of the United States District Court for the

Eastern District of Pennsylvania granting summary judgment to defendants Sharon M. Burks, Acting Grievance Coordinator at SCI-Graterford, and David DiGuglielmo,[1] Deputy Superintendent, on claims Anderson asserted against them individually in his complaint filed under 42 U.S.C. § 1983. The district court had previously dismissed Anderson's claims against the Commonwealth of Pennsylvania, Pisano, and DiGulielmo in his official capacity.[2] Anderson filed a timely notice of appeal.

Anderson is proceeding in forma pauperis, and we thus must determine whether his appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915 (e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An appeal that lacks arguable legal merit should be dismissed under § 1915(e). Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We need not revisit the facts in detail as the parties are familiar with them. Briefly stated, Anderson sued medical personnel, the state, and prison officials for allegedly mis-diagnosing his health condition and failing to award him relief through the prison grievance system. At the outset, we agree with the district court's dismissal of Anderson's claims against the Commonwealth of Pennsylvania and DiGuglielmo in his

---

[1] Anderson's complaint filed in the district court incorrectly referred to Mr. DiGuglielmo as "Mr. Dughelmo,"and thus his name remains spelled that way in the caption in this Court.

[2] The summons and complaint for the last named defendant, "Mr. Walton," one of the medical personnel who treated Anderson, was returned un-executed by the U.S. Marshals on December 29, 2003.

official capacity on the ground that those defendants are immune from suit under the Eleventh Amendment. As the district court correctly stated, the Eleventh Amendment applies to § 1983 claims. The Eleventh Amendment bars suits against states, see Bolden v. SEPTA, 953 F.2d 807, 813 (3d Cir. 1991), and claims made against state officials in their official capacities are treated as claims made against the state itself. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

We also agree with the district court's grant of summary judgment to defendants Burks and DiGuglielmo in their individual capacities. As the court correctly explained, in order to state a due process claim, Anderson needed to show the deprivation of a constitutionally-protected liberty or property interest in a procedurally deficient manner, and he failed to do so. See Bd. of Regents v. Roth, 408 U.S. 564, 570-71 (1972). Anderson does not have a liberty interest protected by the due process clause in the inmate grievance procedures. See McGuire v. Forr, 1996 WL 131130 (E.D. Pa. Mar. 21, 1996), aff'd 101 F.3d 691 (3d Cir. 1996); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (state's inmate grievance procedures do not give rise to liberty interest protected by the due process clause). Furthermore, in any event, he was not deprived of any process here: Anderson admits that he availed himself of the procedures, filing at least three grievances and two appeals to defendants Burks and DiGuglielmo, who upheld the denials of those grievances. Anderson may not agree with the findings or outcomes of those appeals, but his complaints and appeals were aired and were assessed by the appropriate officials. Even viewing the facts in the light most favorable to

Anderson, he has not shown a violation of due process.[3]

Finally, the district court properly rejected Anderson's Eighth Amendment claim against Pisano, one of the medical personnel at SCI-Graterford. In order to prevail on his claim under the Eighth Amendment for denial of medical care, Anderson would have to show that Pisano was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. Mere allegations of negligence or medical malpractice do not give rise to an Eighth Amendment violation. See id. at 106. Anderson claims that two medical personnel at SCI-Graterford, including Pisano, mis-diagnosed his medical condition as genital warts rather than scabies and that, after he had returned from R.H.U. into the general population, he was treated for genital warts. Anderson has not alleged that he was prevented from receiving treatment for a serious medical need. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). Indeed, after Anderson was examined by a private dermatologist upon Judge Weiner's order earlier in this lawsuit, the several doctors[4] who have examined Anderson

_____

[3] For these reasons, we also agree with the district court's independent ground for granting summary judgment, that the same defendants are entitled to qualified immunity from suit against them in their individual capacity. See District Court Opinion entered on December 23, 2005, at 8-9.

[4] By now, Anderson has been examined by at least three different doctors. According to Anderson, days before Anderson was moved from Camp Hill to SCI-Graterford, a doctor at Camp Hill also diagnosed his condition as genital warts.

4

have all concluded that Anderson has genital warts, not scabies, and he has been treated

several times for that condition.  His mere disagreement with their diagnosis and

treatment plan does not state a claim under the Eighth Amendment.

We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).