**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2419
_____

TERRENCE HARRIS,
                              Appellant

v.

JOHN WETZEL; JAMES BARNACLE; DORINA VARNER; KERI MOORE;
MELISSA HAINSWORTH; ALLEN JOSEPH; CHRISTIE SCHENCK; MARK PRICE;
MARK BROTHERS; SHOMER; MARKS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:18-cv-00102)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

_____

No. 19-2582
_____

TERRENCE HARRIS,
                              Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JOHN WETZEL; JAMES
BARNACLE; DORINA VARNER; Chief Grievance Coordinator KERI MOORE;
Assistant Chief Grievance Coordinator MELISSA HAINSWORTH; Superintendent
ALLEN JOSEPH; former Facility Grievance Coordinator CHRISTIE SCHENCK;

Facility Grievance Coordinator/Superintendent Assistant ERIC FRAZIER; MARK BROTHERS, Captain; MARK PRICE, Major; MELANIE PYLE, Unit Manager

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:18-cv-00099)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2020
Before: AMBRO, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

Terrence Harris, a prisoner proceeding pro se, appeals the District Court's orders

dismissing his complaints in these two cases.  For the reasons detailed below, we will

affirm in part and vacate and remand in part.

In April 2018, pro se appellant Terrence Harris filed two complaints in state court,

which contained similar, but factually distinct, allegations.  Both cases were removed by

the defendants to federal court in May 2018 based on federal-question jurisdiction

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

because the complaints appeared to assert some civil rights claims under 42 U.S.C. § 1983.

In Harris v. Pennsylvania Department of Corrections (hereinafter, "Penn. Dep't of Corrs."), Harris alleged that two members of the "Correctional Emergency Response Team" removed him from his cell, searched the cell, ate some of his food, and removed other food and supplies (which had cost him a total of $47.77 to purchase from the commissary). In Harris v. Wetzel (hereinafter, "Wetzel"), he alleged that while he was away from his cell, prison staff allowed another inmate, who was a jailhouse confidential informant ("CI"), to go into the cell and steal his property. Some of Harris's property was later recovered from the CI and seized as evidence. Harris's grievances indicated that the CI distributed some of the property to other inmates before it was seized. It is unclear whether Harris recovered his property. In both cases, he filed grievances and grievance appeals, which were denied.

In both cases Harris listed 40 causes of action, which he attributed in different combinations to different defendants. Two of the causes of action, brought in both cases, were "deprivation of lawful property & loss of use" and "theft of property." Many of the causes of action and factual allegations were directed at an alleged systemic failure of the grievance system, in which nearly all grievances were allegedly denied.

The Magistrate Judge, in separate Reports and Recommendations ("R&Rs") issued in each case, recommended that the complaints be dismissed for failure to state a

claim and as malicious, pursuant to 28 U.S.C. 1915A(b).  In the R&R in <u>Wetzel</u>, the

Magistrate Judge wrote that "[t]o the extent that there is a state law claim against [the CI]

(not a removing defendant) it should be remanded to state court."  (Dkt. No. 2 at 1).  The

Magistrate Judge did not otherwise mention the state-law claims in either R&R.  He

reasoned in both R&Rs that the District Court had not been conferred jurisdiction to sit as

an appellate court for Pennsylvania's administrative remedy system, that there was no

cause of action for "wrongful decisionmaking" as it related to the defendants'

investigation of Harris's claims, and that the grievance system had previously been held

to be a suitable postdeprivation remedy.  The District Court adopted the R&Rs, over

Harris's objections, and dismissed both complaints, with prejudice, without commenting

in <u>Wetzel</u> on the Magistrate Judge's recommendation that any state-law claim against the

CI be remanded.

We have jurisdiction under 28 U.S.C. § 1291, and our review of a § 1915A(b)(1)

dismissal for failure to state a claim is guided by the same de novo standard used to

evaluate motions to dismiss under Fed. R. Civ. P. 12(b)(6).  <u>See</u> <u>Harnage v. Lightner</u>, 916

F.3d 138, 140-41 (2d Cir. 2019) (per curiam); <u>cf.</u> <u>Allah v. Seiverling</u>, 229 F.3d 220, 223

(3d Cir. 2000) ("Our review of the District Court's sua sponte dismissal for failure to

state a claim, which was authorized by 28 U.S.C. § 1915(e)(2)(B)(ii) . . ., like that for

dismissal under Fed. R. Civ. P. 12(b)(6), is plenary.").[1]

---

[1] In <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086 (3d Cir. 1995), decided before a major

4

We agree with the District Court that Harris's claims as they relate to the grievance system failed to state a claim. First, we have previously rejected claims that the grievance system at issue provided an inadequate postdeprivation remedy. See, e.g., Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 42 (3d Cir. 2010) ("In Reynolds, we held that the existence of a similar grievance program provided a sufficient remedy. In sum, the plaintiff had an adequate postdeprivation remedy, thereby satisfying due process.") (citing Reynolds v. Wagner, 128 F.3d 166, 181 (3d Cir. 1997)). Furthermore, the law does not recognize a stand-alone due process claim regarding access to the prison grievance program. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); see also Anderson v. Pennsylvania, 196 F. App'x 115, 117 (3d Cir. 2006) ("Anderson does not have a liberty interest protected by the due process clause in the inmate grievance procedures.") (citing Antonelli, 81 F.3d at 1430); Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005) ("Inmates do not have a constitutionally protected right to the prison grievance process.") (citing Flick, 932 F.2d at 729).

---

revision to the *in forma pauperis* statutes in 1996, we held that significant deference should be given to a district court's order dismissing a complaint as malicious. This Court has not definitively determined whether the new language mandated de novo review, and other circuits have split on the issue. In any event, because we agree with the dismissal of Harris's federal claims for failure to state a claim, we need not address this issue.

However, Harris's complaints were filed in state court and contained two claims that we construe as state-law claims—"deprivation of lawful property & loss of use" and "theft of property." These claims were dismissed with prejudice, despite the Magistrate Judge's recommendation that, at least as to the CI in <u>Wetzel</u>, the state-law claims be remanded. We directed the defendants to address whether the District Court should have remanded these claims or dismissed them without prejudice. The defendants failed to do so in their brief.

The Supreme Court has recognized that state tort actions provide an adequate postdeprivation remedy beyond the grievance system. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 534-35 (1984). In other words, due process concerns are even further removed because a prisoner who is unhappy with how the administrative process plays out can file a lawsuit in state court.[2] Harris tried to take advantage of this postdeprivation remedy by filing both of these actions in state court and bringing state-law tort claims. Those

---

[2] <u>See, e.g.</u>, <u>Crosby v. Piazza</u>, 465 F. App'x 168, 172 (3d Cir. 2012) ("Adequate remedies were available here as Crosby was provided an opportunity to file an administrative grievance. As the District Court correctly noted, to the . . . extent Crosby is dissatisfied with the outcome of the administrative process, he may still file a state court tort action.") (citing <u>Hudson</u>, 468 U.S. at 535); <u>Mattis v. Dohman</u>, 260 F. App'x 458, 461 (3d Cir. 2008) ("In Pennsylvania, the state prison system has established an internal grievance procedure through which the state hears claims and, when appropriate, provides remedies; Mattis was provided with a meaningful post-deprivation remedy regarding the loss of his property in the form of this grievance system. . . . Furthermore, Mattis could also have pursued a state tort suit for conversion of property.") (citing <u>Hudson</u>, 468 U.S. at 535).

6

actions were removed to federal court, and the federal claims were dismissed, but the state-law claims were not adjudicated.

Accordingly, we will remand Penn. Dep't of Corrs. and Wetzel. The District Court is directed to consider whether to exercise its supplemental jurisdiction over Harris's state-law claims. See 28 U.S.C. § 1367(c)(3).[3] If the District Court declines to exercise its supplemental jurisdiction, it should remand the cases to state court. See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("While § 1367(c) does not specify what disposition the district court is to make of state claims it decides not to hear, . . . we believe that in a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice.") (citations omitted). Harris's motions for listing of arguments and court sanctions, one filed in each case, are denied.

---

[3] We note that Harris's state-law claims were not brought against every defendant.

7