IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Brown, Jr.,                        :
                                           :
                    Petitioner             :
                                           :
          v.                               : No. 29 M.D. 2021
                                           : Submitted: August 13, 2021
Commonwealth of Pennsylvania,              :
Department of Corrections of               :
Commonwealth of Pennsylvania,              :
                                           :
                    Respondents            :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED:  December 30, 2021


          Before the Court is the Preliminary Objection in the nature of a
demurrer (PO) filed by the Commonwealth of Pennsylvania, Department of
Corrections of the Commonwealth of Pennsylvania (DOC) (collectively,
Respondents) to the *pro se* Complaint (PFR) filed by Kenneth Brown, Jr. (Inmate)
seeking to enjoin Respondents from withdrawing funds from his inmate account
pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa. C.S. §9728(b)(5),[1]

---

[1] Section 9728 was added to the Sentencing Code by the Act of June 18, 1988, P.L. 640,
No. 84.  "[Act 84] provides a procedure for [DOC] to collect fines and court costs for which a
defendant is liable pursuant to a previous court order." *Freemore v. Pennsylvania Department of
Corrections*, 231 A.3d 33, 35 n.2 (Pa. Cmwlth. 2020) (citation omitted).  Specifically, Section
**(Footnote continued on next page…)**

commonly referred to as Act 84. Upon review, we sustain Respondents' PO in the nature of a demurrer and dismiss the PFR.[2]

## I.

Inmate is currently housed at the State Correctional Institution at Coal Township (SCI-Coal Township). PFR ¶5. On January 29, 2010, Inmate was sentenced to serve an aggregate 30- to 60-year term of imprisonment,[3] and pay restitution and costs, based upon a negotiated guilty plea in the Lancaster County Court of Common Pleas (trial court). *Id.* ¶7.

On February 9, 2021, Inmate filed the instant PFR in which he asserts that the trial court imposed the payment of restitution and costs without conducting

9728(b)(3) states, in relevant part: "The county clerk of courts shall, upon sentencing . . . transmit to [DOC] . . . copies of all orders for restitution[,] reparation, fees, costs, fines and penalties. This . . . also applies in the case of costs imposed under [S]ection 9721(c.1) (relating to sentencing generally)." 42 Pa. C.S. §9728(b)(3). Additionally, Section 9728(b)(5)(i) states: "[DOC] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under [S]ection 9721(c.1), filing fees to be collected under [S]ection 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation." 42 Pa. C.S. §9728(b)(5)(i).

[2] Although Inmate styled his filing as a Complaint, he should have filed a petition for review because that is the pleading that is used to commence an action against the Commonwealth and its officers under Chapter 15 of the Pennsylvania Rules of Appellate Procedure. *See, e.g.*, *MFW Wine Co., LLC v. Pennsylvania Liquor Control Board*, 231 A.3d 50, 52 n.1 (Pa. Cmwlth. 2020) (Brobson, J., single-judge opinion) ("Consistent with the applicable rules of appellate procedure, the Court treats the Amended Complaint as a petition for review directed to this Court's original jurisdiction. *See* Pa.R.A.P. 1501(a)(3), 1502, 1503."). Consistent with the foregoing, we refer to Inmate's filing in this memorandum opinion as the PFR, and to the named defendants in the Complaint as Respondents.

[3] Specifically, Inmate pleaded guilty to one count each of third-degree murder; theft by unlawful taking-movable property; flight to avoid apprehension, trial, or punishment; false imprisonment; abuse of a corpse; and tampering with or fabricating physical evidence. PFR, Exhibit B.

a hearing on his ability to pay as required by Section 9726(c) of the Sentencing Code, 42 Pa. C.S. §9726(c),[4] thereby violating his rights against "excessive and cruel and unusual punishment" as guaranteed by the Eighth Amendment to the United States Constitution[5] and article I, section 13 of the Pennsylvania Constitution,[6] and in violation of his due process rights as guaranteed through the Fourteenth Amendment to the United States Constitution.[7]  *Id.*  Inmate claims that he filed a grievance seeking to stop the unlawful deductions from his prison account, and that he pursued this administrative remedy through DOC's appellate process,[8] including a request

---

[4] Section 9726(c) of the Sentencing Code states:

> **(c) Exception.--**The court shall not sentence a defendant to pay a fine unless it appears of record that:
>
> (1) the defendant is or will be able to pay the fine; and
>
> (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

[5] U.S. Const. amend. VIII.  The Eighth Amendment states:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[6] Pa. Const. art. I, §13.  Article 1, section 13 states:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."  "The guarantee against cruel and unusual punishment contained in the Pennsylvania Constitution provides no greater protections than that afforded under the Eighth Amendment to the United States Constitution."  *Jochen v. Horn*, 727 A.2d 645, 649 (Pa. Cmwlth. 1999) (citation omitted).

[7] U.S. Const. amend. XIV.  Section 1 of the Fourteenth Amendment states, in relevant part:  "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. XIV, §1.

[8] Inmate contends that the DOC officials

**(Footnote continued on next page…)**

3

slip to both SCI-Coal Township's Business Manager and the Parole Supervisor, *id.* ¶¶8-12, but "that the grievance system was/is ineffective, inadequate, [and/or] improper to protect and/or enforce his due process rights . . . ." *Id.* ¶14.

Inmate also contends that the Commonwealth and DOC

> knew or should have known that interference with the Sentencing Order and Sentencing Conditions Order herein and the statute and rules governing the trial court's authority to impose restitution, costs, and fines is unconstitutional as violative of the separation of powers doctrine, the *Ex Post Facto Clause*,[9] the Eighth

failed to respond to same to thwart him from exhausting his administrative remedies through the grievance process, thus access to the court, and/or they failed or refused to respond because they were aware of the decision in *Commonwealth v. Ford*, 217 A.3d 824, [831 (Pa. 2019) (holding that the requirement of Section 9726(c) was not satisfied when a defendant agreed to pay a fine as part of a negotiated guilty plea agreement, so that the trial court imposed an illegal sentence by assessing non-mandatory fines without any evidence that defendant was able to pay the fines)], and/or because [his] Sentencing Order and Sentencing Conditions Order do not give [DOC] authority to deduct restitution, costs, or fines from [his] prison account every time he receive[s] money in his account and/or [it] knew or should have known that the money deducted in the manner that it has been and is continuing to be deducted is unconstitutional . . . .

PFR ¶12.

[9] Article I, Section 9, Clause 3 of the United States Constitution states: "No Bill of Attainder or *ex post facto* Law shall be passed." U.S. Const. art. I, §9, cl. 3. *See also* Pa. Const. art. I, §17 ("No *ex post facto* law . . . shall be passed."). Inmate's claim in this regard is without merit because he was not sentenced by the trial court until 2010. *See Buck v. Beard*, 834 A.2d 696, 701-02 (Pa. Cmwlth. 2003) ("[B]ecause Act 84 was enacted [in] 1998, [and] the trial court did not sentence [the inmate] until [] 2001, [DOC] did not violate the *ex post facto* clause by deducting funds from his inmate account. *See also Sweatt v. Department of Corrections*, 769 A.2d 574 (Pa. Cmwlth. 2001) (holding that Act 84 is not penal in nature and, therefore, does not violate the *ex post facto* clause)") (citation omitted).

4

Amendment, and the Fourteenth Amendment due process and privileges and immunities clause, thus Act 84 is unconstitutional, in that it infringe[s] upon the judicial powers of the [trial court] and the Supreme Court of Pennsylvania, and thus subjects [him] to punishment, penalties, costs, [and] restitution contrary to the [trial] court's Sentencing Conditions Order and without the [trial] court or [DOC] determining that he has the financial means to pay the restitution and costs pursuant to Pa. R.Crim.P. 706(A)[10] and/or that he had/ha[s] agreed to pay 25% of his prison wages and gifts (*i.e.* personal money) deposited into his prison account at the time he entered into the negotiated guilty plea even though he was indigent and was appointed counsel to represent him at the time of his guilty plea.

PFR ¶15.

Additionally, Inmate contends that the imposition of restitution is inappropriate because he pleaded guilty to "allegedly committing a criminal homicide, and therefore, the alleged victim is deceased, thus, [he] cannot pay the victim restitution, even if he is/was able to [do so] financially, because of the victim being deceased . . . ," and again asserting the various constitutional bases upon which Act 84 is facially unconstitutional and is unconstitutional as it has been applied against him. PFR ¶16. In sum, Inmate argues that he "has no other adequate remedy at law available to him to protect and enforce his due process rights." *Id.* ¶17.

Based on the foregoing, Inmate asks this Court to: (1) declare that Act 84 is unconstitutional; (2) enjoin its enforcement; (3) command Respondents to pay him all of the money that has previously been deducted from his prison account; and (4) command DOC "to require the Facility Manager or Grievance Officer at each [SCI] to provide the Secretary's Office of Inmate Grievances [and] Appeals with a

---

[10] Pa. R.Crim.P. 706(A) states: "A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs."

copy of all [of] the documents that an inmate submit[s] relating to his or her grievance and appeal at his or her Facility when the inmate seek[s] final review of same." PFR at 16-17.

## II.

On March 23, 2021, Respondents filed a PO in the nature of a demurrer to the PFR[11] alleging, *inter alia*, that: (1) Inmate is not entitled to a hearing regarding his ability to pay before DOC may commence the Act 84 deductions because the sentencing hearing before the trial court provides him with the required pre-

---

[11] As this Court has recently observed:

> [Pa.R.Civ.P.] 1028(a)(4) provides that a PO may be filed for legal insufficiency of a pleading (demurrer) as well as lack of jurisdiction or improper service. In ruling on POs in the nature of a demurrer, the Court must accept as true all well-pleaded allegations of material fact, as well as inferences deducible therefrom. *Aviles v. Pennsylvania Department of Corrections*, 875 A.2d 1209, 1211 n.3 (Pa. Cmwlth. 2005). In addition, courts reviewing POs may also consider any documents or exhibits attached to the PFR. *Lawrence v. Pennsylvania Department of Corrections*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007). It is not necessary to accept as true any averments in the PFR that conflict with exhibits attached to it. *Id.* Conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion are not admitted. *Portalatin v. Pennsylvania Department of Corrections*, 979 A.2d 944, 947 (Pa. Cmwlth. 2009). A demurrer may be sustained only where it appears with certainty that the law will not permit recovery under the allegations pleaded. *County of Dauphin v. City of Harrisburg*, 24 A.3d 1083, 1089 (Pa. Cmwlth. 2011). Any doubt must be resolved in favor of overruling a demurrer. *Id.*

*Wojnarowski v. Wetzel* (Pa. Cmwlth., No. 440 M.D. 2020, filed December 16, 2021), slip op. at 6. *See also* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

deprivation due process regarding his ability to pay, *see Buck v. Beard*, 879 A.2d 157, 160-61 (Pa. 2005), and *George v. Beard*, 824 A.2d 393, 396 (Pa. Cmwlth. 2003), and deductions made from his spending money under Act 84 do not work any substantial hardship because he is already provided with all of life's necessities free of charge in prison, *see Buck*, 879 A.2d at 161, and *Sweeney v. Lotz*, 787 A.2d 449, 451-52 (Pa. Cmwlth. 2001); (2) Act 84 authorizes DOC to make monetary deductions from his inmate account to pay court-ordered fines, costs, and restitution, *see Boyd v. Department of Corrections*, 831 A.2d 779, 782-84 (Pa. Cmwlth.), *aff'd*, 886 A.2d 222 (Pa. 2003), does not require prior court authorization as a condition before funds may be deducted, *see George*, 824 A.2d at 396-97, and neither the trial court docket nor the sentencing order direct that payments are deferred until Inmate's release from his confinement;[12] (3) Act 84 makes no exception for gifts from family or friends so deductions from those funds are proper, *see Bundy v. Wetzel*, 184 A.3d 551, 555 (Pa. Super. 2018); (4) Inmate may not challenge the trial court's imposition of restitution in his criminal sentence through an injunction action against DOC, *see Harding v. Stickman*, 823 A.2d 1110, 1112 (Pa. Cmwlth. 2003); and (5) there is no viable stand-alone due process claim regarding Inmate's access to a prison grievance system because he does not have a liberty interest in the inmate grievance procedures, *see Harris v. Wetzel*, 822 F. App'x 128, 130 (3d Cir. 2020), and *Anderson v. Pennsylvania*, 196 F. App'x 115, 117 (3d Cir. 2006), and the DOC grievance procedures are established by DOC regulations so they do not implicate rights under the United States and Pennsylvania Constitutions, *see Luckett v. Blaine*,

---

[12] In this regard, DOC notes that under *Solomon v. United States Healthcare Systems of Pennsylvania, Inc.*, 797 A.2d 346, 352 (Pa. Super. 2002), this Court may take judicial notice of the public docket in Inmate's underlying conviction in the trial court, CP-36-CR-0000353-2009, in ruling on its POs. However, because Inmate appended the trial court Docket Sheets as Exhibit B to his PFR, they may be considered in disposing of DOC's POs. *Lawrence*.

7

850 A.2d 811, 820 (Pa. Cmwlth. 2004). PO at 4-7. We agree with DOC that Inmate's PFR fails to state a claim for which relief may be granted.

## III.
## A.

As outlined above, Inmate first claims that the trial court erred in imposing the payment of restitution and costs without conducting a hearing on his ability to pay as required by Section 9726(c) of the Sentencing Code, thereby violating his rights against "excessive and cruel and unusual punishment" as guaranteed by the Eighth Amendment to the United States Constitution and article I, section 13 of the Pennsylvania Constitution, and in violation of his due process rights as guaranteed through the Fourteenth Amendment to the United States Constitution. However, with respect the purported violation of Inmate's due process rights, this Court has recently observed:

> Act 84 authorizes [DOC] to make monetary deductions from an inmate's account to pay court-ordered restitution, costs, and fines. 42 Pa. C.S. §9728(b)(5); *Boyd*[, 831 A.2d at 782-84]. As for whether a pre-deduction hearing is required, our Supreme Court recently explained:
>
> > [P]risoners are entitled, under the Due Process Clause of the Fourteenth Amendment, [] to notice of certain items and a reasonable opportunity to object before the first Act 84 deduction is made. These items include [DOC's] Act 84 deduction policy, the prisoner's total monetary obligation to the Commonwealth, the rate at which funds will be deducted from his account, and the funds which will be subject to withdrawals.
>
> *Johnson v. Wetzel*, 238 A.3d 1172, 1182 (Pa. 2020) [(citations omitted)]. "These measures will help protect errors in [DOC's] application of its Act 84 deduction

8

policy without significantly impeding its ability to carry out essential functions." *Bundy*, 184 A.3d at 559. However, where the Act 84 deductions occurred prior to this judicial precedent entitling prisoners to pre-deprivation process, "the availability of a meaningful post-deprivation remedy satisfies due process." *Johnson*, 238 A.3d at 1182 (quoting *Bundy*, 184 A.3d at 557).

*Wojnarowski*, slip op. at 7-8.

As alleged in the PFR, DOC's deductions began prior to the judicial precedent entitling prisoners to the *Johnson* pre-deprivation process. Additionally, as Inmate avers, he has pursued both formal and informal processes with DOC regarding the deductions. *See* PFR Exhibits C, D, E, I, J. As a result, the availability of this meaningful post-deprivation remedy satisfies due process. *Johnson*; *Bundy*.

With respect to Inmate's Eighth Amendment claims, this Court has noted:

> DOC emphasizes that in order to state a *prima facie* claim of cruel and unusual punishment, [the p]etitioner would have had to allege that a prison official was deliberately indifferent such that he "[knew] of and disregard[ed] an excessive risk to inmate health or safety." To that end, [DOC] points out that [the p]etitioner did not allege that the deductions endangered his health or safety in any way or that any prison official knew of or disregarded any risk to his health or safety.
>
> In any event, [DOC] point[s] out that this Court has already determined that Act 84 deductions do not constitute cruel and unusual punishment. They acknowledge that the deductions are penal sanctions, but emphasize that Act 84 deductions do not constitute punishment and are merely a procedural mechanism by which to facilitate the enforcement of an inmate's criminal sentence. Finally, [DOC] points out that [the p]etitioner does not allege that his sentence to pay costs is a disproportionate one.

9

We determine that, under the facts alleged, [the p]etitioner has failed to state a claim that [DOC's] actions or inactions constitute cruel and unusual punishment. As per the facts alleged, [DOC] relied upon the relevant paperwork from the County [r]espondents in making deductions from [the p]etitioner's inmate account. The facts pled simply do not indicate a deliberate indifference on the part of [DOC] to the p]etitioner's property interest.

*Abdul-Salaam v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 346 M.D. 2010, filed December 23, 2010), slip op. at 9-10 (citations omitted). *See also Harding*, 823 A.2d at 1112 ("[Section 9728(b)(5)] is not penal in nature; rather it provides a procedural mechanism for the collection of court costs and fines. *Sweeney*[;] *Sweatt*[.]").

As in the instant matter,

[t]he remedy [that the inmate] seeks is actually a modification of his sentences to remove [the] payment of costs, fines, and restitution. Although [the inmate] styles his argument in terms of whether Act 84 was appropriately applied, Act 84 relates only to the method of collection and has no bearing whatsoever on the legality of his sentences. *Sweeney*, [787 A.2d at 452] (Act 84 is not penal in nature; rather it provides a procedural mechanism for collection); *Sweatt*, [769 A.2d at 574] (Act 84 is merely a change in the method of collection of costs and fines, procedural in nature).

*Commonwealth v. Lyons*, 830 A.2d 663, 665 (Pa. Cmwlth. 2003).[13]

---

[13] As this Court explained:

An offender may request modification of a sentence in one of several ways: 1) a motion for modification of the sentence under Pa. R.Crim.P. 720, which must be made within 10 days of the imposition of sentence; 2) a direct appeal of the sentence under Pa. R.A.P. [] 901-911, notice of which must be given within 30 days of the imposition of sentence; 3) a petition for postconviction relief under the Post Conviction Relief Act, 42 Pa. C.S. §§9541-9546,

**(Footnote continued on next page…)**

10

Likewise, in the instant matter, the facts pleaded in the PFR fail to establish DOC's deliberate indifference to Inmate's property interest, or the abridgement of Inmate's Eighth Amendment rights, and the instant PFR may not be used as a method of modifying the sentence that the trial court imposed.[14]  As a result, Inmate's constitutional claims in this regard are without merit.

**B.**

With respect to Inmate's claim that there is no authority for DOC to make deductions from his account, this Court has also recently observed:

> [A] sentencing court's order governs [DOC's] collections from inmate accounts.  *Freemore*[, 231 A.3d at 39].  In accordance with Act 84, [DOC] developed collection guidelines set forth in Section 3 of DC-ADM 005.  Of particular relevance here, Section 3.A.2.a, provides:
>
> > 2. The Business Manager/designee shall:
> >
> > > a. If [DOC] is in possession of a court order or sentencing transcript, then the Business Manager/designee shall determine if the order that imposes financial obligations on the inmate defers

which must be filed within one year of the date the judgment of sentence becomes final; or 4) a petition to amend an order of mandatory restitution made during a sentencing hearing, which may be filed at any time.  18 Pa. C.S. §1106(c)(2)(iii); *see* Com[monwealth] *v. Burke*, 801 A.2d 1257 (Pa. Super. 2002).

*Lyons*, 830 A.2d at 665.

[14] In this regard, Inmate's reliance on *Ford* is misplaced.  As the Supreme Court stated therein: "[W]e agree with the Superior Court's conclusion that [the defendant] received an illegal sentence when the trial court imposed non-mandatory fines without any evidence that [the defendant] was (or would be) able to pay them."  *Ford*, 217 A.3d at 831.  As outlined above, the PFR attacking DOC's Act 84 deductions is not a proper mechanism to obtain the modification of a purportedly illegal sentence.

11

the payment of those obligations to a later date or event ("delay language"). If so collection of costs as a result of that court order must not begin until the date or event indicated in the court order. In all such cases, the specific terms of the court order will control the collection. Questions concerning the terms of a court order shall be referred to the Act 84 Coordinator.

Section 3.A.2.a of DC-ADM 005 (original emphasis omitted).

As this Court has explained:

Once in possession of the sentencing order, the SCI's business manager must determine if it expressly "defers the payment of those obligations to a later date or event" and, only if it does, may [DOC] delay making deductions from an inmate account therefor. DC-ADM 005 Section 3.A.2.a (emphasis omitted). Otherwise, Section 9728(b)(5)(i) of Act 84 mandates that "[DOC] *shall* make [the] monetary deductions . . . ." 42 Pa. C.S. §9728(b)(5)(i).

*Freemore*, 231 A.3d at 41 (footnote omitted).

*Wojnarowski*, slip op. at 9-10 (emphasis added and footnote omitted).[15]

The Sentencing Order and Sentencing Conditions Order signed by the trial court judge, and the trial court Docket Sheets for Inmate's conviction, appended to the PFR as Exhibits A and B, establish that he is required to: pay "cost[s]"; "[p]ay restitution in equal monthly installments" that is "[t]o be paid in full within the period of supervision"; and "[p]ay all other financial obligations in accordance with a payment plan to be established by [the Adult Probation and Parole Services

---

[15] *See also Freemore*, 231 A.3d at 41 ("Section 9728(b.2) of Act 84 makes the inmate liable for paying costs even if the sentencing court fails to order them. *See* 42 Pa. C.S. §9728(b.2), (g); *see also* DC-ADM 005 Section 3.A.2.b (the SCI's business manager calculates costs and [the Crime Victim Compensation Fund fees]).") (footnote omitted).

Collections Enforcement Unit]"; and lists the costs, fees, and restitution that Inmate is required to remit from his inmate account. *Id.* Thus, contrary to Inmate's assertion, there is ample authority for the deductions made for costs, fees, and restitution from his inmate account pursuant to Act 84, and the trial court's Sentencing Order and Sentencing Conditions Order do not defer the payment of such costs, fees, and restitution. *Id.*[16]

## C.

With respect to the type of funds that may be deducted from Inmate's account, we also recently explained:

> Act 84 provides that [DOC] "*shall* make monetary deductions of at least 25% of deposits made to *inmate wages and personal accounts* for the purpose of collection of restitution, costs imposed under [S]ection 9721(c.1), filing fees to be collected under [S]ection 6602(c) [of the Prison Litigation Reform Act, 42 Pa. C.S. §6602(c),] (relating to prisoner filing fees) and any other court-ordered obligation." 42 Pa. C.S. §9728(b)(5) (emphasis added). Monetary gifts placed into an inmate's account are subject to Act 84 deductions. *Bundy*, 184 A.3d at 555; *Danysh v. Department of Corrections*, 845 A.2d 260, 262 (Pa. Cmwlth. 2004), *aff'd*, 881 A.2d 1263 (Pa. 2005). Likewise, an inmate's prison wages are subject to Act 84 deductions as well. [Section 8127(a)(5) of the Judicial Code,] 42 Pa. C.S. §8127(a)(5) [("The wages . . . of individuals shall . . . be exempt from any attachment . . . except upon an action or proceeding . . . [f]or restitution to crime victims, costs, [or] fines . . . pursuant to an order entered by a court in a criminal proceeding.")]; *Danysh*, 845 A.2d at 262. The source of funds in an inmate

---

[16] Inmate's claim that no restitution could be imposed by the trial court based on the victim's death by Inmate's hand goes to the legality of the sentence imposed by that court. As outlined above, Inmate may not challenge the legality of the trial court's sentence in the instant action against DOC relating to its Act 84 deductions.

account, whether derived from wages, gifts, or government benefits, is of no moment. *Bundy*, 184 A.3d at 555; *Danysh*, 845 A.2d at 262. Act 84 authorizes [DOC] to make deductions from any funds deposited into an inmate's account. *Bundy*, 184 A.3d at 555; *Danysh*, 845 A.2d at 262.

*Wojnarowski*, slip op. at 12. Thus, contrary to Inmate's claim, DOC may deduct gifts deposited into Inmate's prison account under Act 84. *Id.*

## D.

Finally, Inmate's claim that his due process rights were violated by the Secretary's refusal to consider his grievance appeal, based on Inmate's failure to properly follow the requirements of the Inmate Grievance System, is meritless. DC-ADM 804 VI states, in relevant part, that the Inmate Grievance System "does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual." As this Court has stated:

> In *Jones/Seymour v. LeFebvre*, 781 F. Supp. 355 (E.D. Pa. 1991), *aff'd*, 961 F.2d 1567 (3d Cir.1992), a policy which specifically stated that it did "not create rights in any person nor should it be interpreted or implied in such a manner as to abridge the rights of any individual" did not create any enforceable rights in a Pennsylvania state prison inmate. *Id.* at 359. Similarly, in *Williams v. Kyler*, 680 F. Supp. 172 (M.D. Pa. 1986), *aff'd*, 845 F.2d 1019 (3d Cir. 1988), "disclaimer" language in a policy supported the conclusion that no enforceable rights were created by the policy.

*Weaver v. Pennsylvania Department of Corrections*, 829 A.2d 750, 752-53 (Pa. Cmwlth. 2003).

Based on the foregoing, it is clear that the Secretary's refusal to consider Inmate's appeal based on Inmate's failure to comply with the requirements of the Inmate Grievance System did not violate Inmate's due process rights. *See*

14

*Weaver*, 829 A.2d at 753 ("The disclaimer language in the written policy at issue is identical to that found in *Jones/Seymour* and in [*Williams*]. To the extent that the policy language is dispositive, we agree that the disclaimer is sufficient to dispel any reasonable expectation that an enforceable right is created by the DOC policy.").

Accordingly, we sustain DOC's PO in the nature of a demurrer and dismiss the PFR.[17]

_____
MICHAEL H. WOJCIK, Judge

---

[17] In light of this disposition, we decline to address the remaining PO and dismiss it as moot.

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Brown, Jr., :
:
Petitioner :
:
v. : No. 29 M.D. 2021
:
Commonwealth of Pennsylvania, :
Department of Corrections of :
Commonwealth of Pennsylvania, :
:
Respondents :

# **O R D E R**

AND NOW, this 30th day of December, 2021, the Preliminary Objection of the Commonwealth of Pennsylvania, Department of Corrections of the Commonwealth of Pennsylvania, is SUSTAINED, and the remaining Preliminary Objection is DISMISSED as moot. The Complaint filed by Kenneth Brown, Jr., is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge