

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2005

# Mattis v. Patrick

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2267

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mattis v. Patrick" (2005). *2005 Decisions.* Paper 155.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/155

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-335                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2267
_____

TREVOR MATTIS,

Appellant

v.

SUPERINTENDENT GEORGE PATRICK; DEPUTY J. THOMAS;
Z. STETLER; B. KELLY; SGT. STONE; CO KNEPP;
MS. MCQUILLIAN; MS. KNAPP; DR. FISHER; J. STIDD;
CHAPLAIN HENRY; LT. HORTON; SUPERINTENDENT SOBINA;
SGT. STERLE; CO. DIETZ; LUSK; RHU SGT. JOHN DOE;
SGT. LUSK; CO. SIPES; CO. LETSON
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00186J)
District Judge: Honorable Kim R. Gibson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 11, 2005

Before:   ALITO, MCKEE and AMBRO,  <u>Circuit Judges</u>

(Filed:   December 6, 2005)
_____

OPINION
_____

PER CURIAM

Trevor Mattis, pro se, appeals an order of the United States District Court for the

Western District of Pennsylvania granting the defendants' motion to dismiss for failure to state a claim. Mattis filed a civil rights action pursuant to 42 U.S.C. § 1983 for various alleged constitutional violations under the First, Fifth, Eighth and Fourteenth Amendments arising from his interaction with prison staff at S.C.I. Houtzdale and S.C.I. Somerset.

Mattis filed a complaint in which he alleged (1) that prison officials harassed, intimidated and disciplined him for writing a book criticizing them; (2) that prison officials confiscated his musical equipment; (3) that prison officials denied him access to the law library; (4) that prison officials refused him permission to wear his prescription sunglasses in the dining room; (5) that prison officials forbade him to wear his religious headgear without permission from the chaplain; (6) that prison officials disciplined him for refusing to work at his assigned culinary position in spite of a doctor's recommendation that he avoid stressful situations; (7) that his confinement in the Restricted Housing Unit (RHU) prevented him from being able to pursue his legal matters; (8) that prison officials improperly searched his person and his cell; (9) that prison officials lost discs belonging to Mattis; and (10) that prison officials failed to transfer all of Mattis's belongings when he was transferred to S.C.I. Somerset[1]. The defendants moved to dismiss Mattis's complaint for failure to state a claim on the basis that his claims did not constitute a basis for relief or were procedurally defaulted because

---

[1] Although the Magistrate Judge does not include claims nine and ten in its list of claims, he did address the grievances pertaining to these in the second Report and Recommendation and treated them as claims.

2

Mattis had failed to pursue properly available administrative remedies.

The Magistrate Judge first recommended that the defendants' motion be granted as to all claims because they were procedurally defaulted.  Mattis, however, filed objections that suggested he exhausted administrative remedies as to some of his claims.  Upon considering Mattis's objections, the Magistrate Judge concluded that claims one, three,[2] four, five, six and eight were procedurally defaulted because Mattis filed his initial grievance late, filed his administrative appeal late or failed to submit required documentation for his grievances.  As to claim two, the Magistrate Judge concluded that, although Mattis had exhausted administrative remedies, no relief was available under § 1983 because Pennsylvania provides a post-deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984).  As to claim seven, the Magistrate Judge concluded that, to the extent that RHU assignment impeded Mattis's access to the courts by limiting his time in the law library, he could not show prejudice, and his claim, therefore, failed.  See Lewis v. Casey, 518 U.S. 343, 351-53 (1996).  The Magistrate Judge again recommended granting the defendants' motion to dismiss.

Over Mattis's second round of objections, the District Court adopted the Magistrate Judge's Report and Recommendation and granted the defendants' motion to dismiss.  In doing so, the District Court noted that, with respect to Mattis's claims

---

[2] Mattis complained of denial of access to the law library in two different grievances. In grievance 75393, Mattis made a general complaint about having his access to the law library restricted.  This claim is defaulted.  In grievance 70885, Mattis complained about his location in the RHU forcing him to choose between recreation or the law library during his one hour of free time.  This claim is exhausted.

regarding transfer of his property and denial of access to the courts related to his culinary job assignment and RHU, even if he had exhausted them, he failed to state a claim for relief. See Lewis, 518 U.S. at 351-53; Hudson, 468 U.S. at 533. Mattis timely appealed. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We have granted Mattis in forma pauperis status.

This Court is required to dismiss an in forma pauperis appeal if it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous where none of the legal points is arguable on its merits. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). We agree with the Magistrate Judge's and District Court's analyses of Mattis's claims. Because the District Court was clearly correct in dismissing Mattis's complaint for failure to state a claim, Mattis has no arguable legal basis upon which to appeal the District Court's order. His appeal is, therefore, frivolous and will be dismissed as such pursuant to 28 U.S.C. § 1915(e)(2)(B).