

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2008

# Mattis v. Dohman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2591

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mattis v. Dohman" (2008). *2008 Decisions*. Paper 1770.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1770

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-85                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2591

TREVOR MATTIS,

                                                          Appellant

v.

DOHMAN, Captain; D. VAUGHN; SHARON BURKS; MAJOR BUZZAR;
CURRAN, SGT.; LESLIE HATCHER; CO QUICK; CO SMALLER; SOBINA;
SGT. STERLE; LT. VESHINSKI

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-00465)
District Judge:  Honorable Berle M. Schiller

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 20, 2007

Before:  AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 10, 2008)

OPINION

PER CURIAM

        Trevor Mattis, a Pennsylvania inmate, appeals from an order of the United States

District Court for the Eastern District of Pennsylvania granting the defendants' motion to

dismiss.   For the following reasons, we will dismiss Mattis's appeal.

In February 2005, Mattis filed a complaint, later amended in February 2006, alleging a violation of his civil rights, under 42 U.S.C. § 1983, for retaliation in violation of the First Amendment and deprivation of property without due process of law in violation of the Fourteenth Amendment.  He filed his complaint against 11 current or former Pennsylvania Department of Corrections officials who interacted with him at various times during his incarcerations at S.C.I. Graterford, S.C.I. Somerset, and S.C.I. Houtzdale.[1]  For these constitutional violations, Mattis sought a jury trial, compensatory and punitive damages, and injunctive and declaratory relief.   The defendants moved to dismiss Mattis's complaint for failure to state a claim and, on May 4, 2007, the district court entered a memorandum and order granting the motion.  Mattis filed a timely notice of appeal.

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Accepting as true all factual allegations in the complaint, and all reasonable inferences therefrom, the court exercises plenary review to determine whether Mattis stated a claim upon which relief can be granted.[2]  See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

---

[1]  Mattis raised very similar claims in a previous appeal against a different set of DOC defendants.  See Mattis v. Patrick, 156 F. App'x 496 (3d Cir. 2005).  We dismissed that appeal as lacking an arguable legal basis.  In doing so, we agreed with the district court's conclusion that Mattis failed to state a claim for relief.

[2]  A complaint may not be dismissed with prejudice if it can be cured by amendment.  See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  Any further amendments to the complaint in this case would have proved futile.

-2-

An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the court shall dismiss the appeal at any time if the court determines that it "lacks an arguable basis either in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also 28 U.S.C. § 1915(e)(2)(B)(i).

In order to establish a violation of civil rights, a claim must be based on a right secured by the Constitution or laws of the United States. See 42 U.S.C. § 1983. "To make a prima facie case under § 1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right." Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)). A prisoner's allegations concerning retaliation must include the following: "(1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'" Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). The district court correctly found that Mattis did not state a claim for unconstitutional retaliation because he failed to make a prima facie showing that there was a causal link between his constitutionally protected conduct and any adverse actions taken against him.[3] See Rauser, 241 F.3d at

---

[3] Furthermore, as the district court noted, aside from a lack of causation, Mattis's retaliation claim is now essentially time-barred. The limitations period for purposes of § 1983 claims begins to run "from the time when the plaintiff knows or has reason to know

333 (3d Cir. 2001); see also Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990) (A

prisoner must "allege specific facts showing retaliation because of the exercise of [his]

constitutional rights").

Because sufficient post-deprivation remedies were available to Mattis, we also

agree with the district court that his amended complaint failed to allege any facts that

could validly support a claim for a violation of procedural due process. A prisoner's due

process claim based on a state actor's unauthorized deprivation of property is not

actionable under § 1983 unless no adequate post-deprivation remedy is available. See

Hudson v. Palmer, 468 U.S. 517, 533 (1984). In Pennsylvania, the state prison system

has established an internal grievance procedure through which the state hears claims and,

when appropriate, provides remedies; Mattis was provided with a meaningful post-

deprivation remedy regarding the loss of his property in the form of this grievance

system. Cf. Hudson, 468 U.S. at 533 ("[A]n unauthorized intentional deprivation of

property by a state employee does not constitute a violation of the procedural

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

postdeprivation remedy for the loss is available."); Tillman v. Lebanon County Corr.

---

of the injury which is the basis of the section 1983 action." Genty v. Resolution Trust
Corp., 937 F.2d 899, 919 (3d Cir. 1991). The events Mattis references in his complaint
occurred over two years prior to his filing the complaint in this case. See 42 Pa. Cons.
Stat. Ann. § 5524(1) (establishing a two-year statute of limitations for "any action for
assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse
of process"); see also Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003) (section
1983 actions are governed by the statute of limitations of the state in which the cause of
action accrued).

<u>Facility</u>, 221 F.3d 410, 422 (3d Cir. 2000) (holding that county prisoner had adequate post-deprivation remedy through grievance system that allowed prisoners to complain about "any" matter that is "unjust" and provided for direct appeal to the warden). Furthermore, Mattis could also have pursued a state tort suit for conversion of property. <u>See</u> <u>Hudson</u>, 468 U.S. at 535.

We will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B)(i), as it is based on an indisputably meritless legal theory. <u>See</u> <u>Neitzke</u>, 490 U.S. at 325.