John Tedesco                         :
                  Appellant      :
                            :
      v.                        :
                            :

Cynthia Link, Wendy Shaylor, Laurel  :
Harry, Barry Smith, Renee Zobitne,  :
Robert Sebastianelli, John Doe State  :
Police Detective #2, William Houser,  :
United States Attorney General's Office,:
Scranton PA, Attorney General's Office :
for the State of Pennsylvania,       :
Harrisburg PA, Pennsylvania       :
Department of Corrections,        :
Pennsylvania State Police, Tonya Heist, :
Deb Alvord, Jeffrey Whitherite,    :
Michael Bell, Dorina Varner, Monroe  :
County District Attorney Office,    :  No. 709 C.D. 2020
Stroudsburg PA, Sergeant Pierce    :  Submitted: December 2, 2022

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON      FILED: May 16, 2023

Before this Court is the appeal of John Tedesco (Tedesco), *pro se*, from the November 22, 2019 order of the Montgomery County Court of Common Pleas (trial court) dismissing his complaint filed November 15, 2019 (Complaint) and denying his petition to proceed *in forma pauperis* (IFP Petition) also filed on

November 15, 2019. This matter has returned to the Court following remand to the trial court to render an opinion that more fully comports with Pennsylvania Rule of Appellate Procedure 1925(a) (Rule 1925(a)). *See Tedesco v. Link* (Pa. Cmwlth., No. 709 C.D. 2020, filed October 3, 2022) (*Tedesco I*). Upon consideration of the trial court's subsequently filed Rule 1925(a) opinion, we affirm the dismissal of the Complaint and the denial of the IFP Petition.

## I. Background

We briefly summarize the underlying facts and procedural posture of this matter as follows.[1] The Complaint alleges[2] that, in 2015, interspersed within thousands of documents provided in response to discovery requests made regarding his criminal trial, Tedesco received some 150-200 documents unrelated to him or his criminal charges (Unrelated Documents).[3] *See Tedesco I*, slip op. at 2-3. Prison officials questioned Tedesco regarding the Unrelated Documents and he explained that he knew nothing of the documents or the circumstances of the investigation to which they related, and that he simply wanted to return them to their rightful owner. *See id.* The Complaint alleges Tedesco handed over the Unrelated Documents, as requested. *See id.*, slip op. at 3.

---

[1] This Court previously outlined the facts and procedural posture underlying this matter in *Tedesco I*, and the background summation contained in the instant opinion derives in part from the detailed account of the facts and procedure of the underlying matter, which account is incorporated herein by reference. *See Tedesco I*, slip op. at 2-5.

[2] The Complaint contained 21 claims levied across 79 counts against 19 defendants. *See Tedesco I*, slip op. at 2.

[3] The Complaint claimed that the Unrelated Documents pertained to a missing persons/insurance fraud investigation being conducted by the United States Attorney General's Office in Scranton, Pennsylvania, and the Pocono Mountain Regional Police Department. *See Tedesco I*, slip op. at 2-3.

The Complaint further alleges that, after a subsequent prison transfer, Tedesco was deprived of his legal documents/papers, which deprivation Tedesco claims hindered his opportunities to file a direct appeal, a petition pursuant to the Post Conviction Relief Act (PCRA)[4], or an appropriate petition for writ of habeas corpus. *See Tedesco I*, slip op. at 3. The Complaint claims that prison officials retained his personal property, including his legal effects, in retaliation for Tedesco having previously had the Unrelated Documents in his possession, and that Tedesco's attempts to reclaim his documents through the prison grievance process and by filing a claim pursuant to Section 1983 of Title 42 of the United States Code, 42 U.S.C. § 1983, in the United States District Court for the Middle District of Pennsylvania, proved unsuccessful. *See id.*

By order dated November 22, 2019 (November 2019 Order), the trial court dismissed the Complaint pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1) and denied the IFP Petition. *See Tedesco I*, slip op. at 4. Tedesco filed a motion for reconsideration on December 5, 2019, which the trial court denied on December 12, 2019. *See id.* at 5. Tedesco then appealed and the trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) (First 1925(a) Opinion) in which it summarily concluded without elaboration that the Complaint was frivolous because Tedesco failed to plead a valid cause of action or to aver facts demonstrating that the government officials named in the Complaint violated his rights or acted outside the scope of immunity. *See id.*, slip op at 4-5.

---

[4] 42 Pa.C.S. §§ 9541-9546.

On review, finding that the trial court's sparse First 1925(a) Opinion did not facilitate meaningful appellate review, this Court[5] remanded the matter to the trial court to render an opinion that more fully developed the reasons for its conclusion that the claims of the Complaint were barred by immunity or failed to establish a violation of a constitutional right. *See Tedesco I*, slip op. at 10-11.

In response to the remand, on November 10, 2022, the trial court forwarded to this Court an expanded Rule 1925(a) opinion explaining the basis for its November 2019 Order. *See* Trial Court Opinion filed November 10, 2022 (Second 1925(a) Opinion) at 1. The matter now comes before this Court for determination.

## II. Discussion[6]

As stated in *Tedesco I*, the deciding question in the instant matter is whether the trial court erred by dismissing the Complaint and denying the IFP Petition pursuant to Pennsylvania Rule of Civil Procedure 240 based on the frivolity of the claims contained in the Complaint. *See Tedesco I*, slip op. at 8. For the following reasons, we affirm the trial court's order.

Pennsylvania Rule of Civil Procedure 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court

---

[5] Tedesco originally appealed to the Superior Court of Pennsylvania, which transferred the matter to this Court by order dated February 14, 2021. *See Tedesco I*, slip op. at 5.

[6] Appellate review of a decision dismissing an action pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1) is limited to determining whether constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

4

prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. No. 240(j)(1). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" Pa.R.Civ.P. 240(j)(1), Note (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997) (noting that, under Pennsylvania Rule of Civil Procedure 240(j), an action is frivolous "if, on its face, it does not set forth a valid cause of action"). "An individual seeking to proceed *in forma pauperis,* thus requesting to have court costs paid for from funds provided to this Commonwealth by its taxpayers, has a responsibility to present a valid cause of action." *Conover v. Mikosky*, 609 A.2d 558, 560 (Pa. Super. 1992). "Courts should not allow a litigant seeking *in forma pauperis* status to use the court's time and the taxpayer's money to support a frivolous claim." *Id.*

Here, the trial court determined that the Complaint failed to plead any viable claims as follows:

> The [Complaint] raise[s] claims alleging [a]buse of [p]rocess, but fails to make any legal claim against any defendant, instead speaking in broad generalizations. The [Complaint] claims [] [n]egligent [i]nfliction of [e]motional [d]istress, [but] fails to state the legal elements of the claim[]. The [Complaint] has not expressed how each [d]efendant has specifically caused [Tedesco] [e]motional [d]istress.

> In count 33[, the Complaint] attempts to raise a claim for failure to act. The [Complaint] fails to state the legal requirements and the claim lacks specificity. The next claim was for a failure to train. The [Complaint] fails to meet the second prong of the claim. To recover under

Section 1983[, 42 U.S.C. § 1983,] based upon a failure to train the municipal actors[7] who caused [a] plaintiff's harm, a plaintiff must plead both that 1) the failure to train amounted to a deliberate indifference to the rights of persons with whom the police come in contact; and 2) the municipality's policy actually caused a constitutional injury. The [Complaint] fails to plead the policy actually caused a constitutional injury.

The [Complaint's] claims of [c]onspiracy fail to meet the necessary elements. The same applies to the [Complaint's] counts of [w]rongful use of [c]ivil [p]rocess.

[T]he [Complaint] [] raises claims of retaliation. The [Complaint] did not plead anything specifically relating the claim to the [d]efendants, instead speaking in broad, vague statements. Furthermore, the [Complaint] raises claims of [w]illful [m]isconduct. The [Complaint] did not plead anything specifically relating to any [d]efendant[.]

[The Complaint] raises claims of [c]onspiracy to [i]nterfere with [Tedesco's] [c]ivil [r]ights [c]laim [42 U.S.C. § 1985] and [p]revent a [c]onspiracy [c]laim [42 U.S.C. § 1986. These claims fail because they were insufficiently plead[ed].

The [Complaint] alleges claims of [d]amages for [f]ear of [f]uture [i]njury. In the [C]omplaint[, Tedesco] does not plead the legal requirements for the claim or how any [d]efendant is at fault. The next claim is alleged future loss of earnings and capacity. The [Complaint] pleads [that] it would be impossible to predict the future which would make it difficult to determine whether any

---

[7] We note that the Complaint actually levied Tedesco's failure to train claim against state actors – the Department and Cynthia Link, Superintendent of the State Correctional Institution – Graterford.

6

> defendants affect[ed Tedesco's] earnings or not. In addition, [the Complaint] fails to plead how his injuries are linked to any loss of earning capacity. The next claim the [Complaint] alleges is [f]raudulent [c]oncealment and [m]isrepresentation. The [Complaint] fails to plead, by clear and convincing evidence, [that] the [d]efendants fraudulently concealed any information from him.

Second 1925(a) Opinion at 3-4 (internal citation omitted). The trial court also stated that Tedesco failed to plead facts demonstrating that "the many government officials he sued violated [] any of his constitutional rights or acted outside the scope of the immunity to which they are entitled." *Id.* at 5 (citing *Bronson v. Lechward*, 624 A.2d 799 (Pa. Cmwlth. 1993)). As such, the trial court concluded that "[n]o valid cause of action was pled. Therefore, in conformance with [Pa.R.Civ.P.] 240(j)(i), [the IFP Petition] was denied, and the [Complaint] was dismissed." Second 1925(a) Opinion at 5.

We have reviewed the Complaint and agree with the trial court's assessment of the claims purportedly raised therein. The Complaint speaks in terms of vague generalizations without discussing the elements of the various causes of action in relation to specific defendants or acts. As a result, the Complaint fails to plead facts which, if proven, would demonstrate the causes of action Tedesco alleges, violations of his constitutional rights, or any actions by authorities beyond the protection of applicable immunities. Further, to the extent the Complaint alleges that the confiscation, destruction, or concealment of his legal documents/papers hindered Tedesco's chance of timely filing a direct appeal, PCRA petition, or habeas corpus petition, apart from averring that Tedesco noticed the Unrelated Documents during his criminal trial preparation in August of 2015, the Complaint fails to specify when the criminal trial actually took place and/or when his criminal convictions

7

became final. As such, the Complaint's claims regarding the deprivation of Tedesco's legal papers also lack the specificity necessary to state a legally valid claim.

Because the Complaint is based upon purported claims which, on their face, fail to set forth valid causes of action, the Complaint lacks arguable basis in either law or fact. *See McGriff*; Pa.R.Civ.P. 240j)(1). Accordingly, the trial court did not err in dismissing the Complaint and denying the IFP Petition as frivolous under Pennsylvania Rule of Civil Procedure 240. *See McGriff*; *Conover*; Pa.R.Civ.P. 240(j)(1).[8]

---

[8] With respect to Tedesco's due process claims, we note that this Court has explained previously:

> "The amount of process due depends on the context presented." *Silo v. Ridge*, 728 A.2d 394, 399 (Pa. Cmwlth. 1999). It is now a bedrock principle that post-deprivation remedies satisfy the due process clause where the situation dictates that the State take immediate action or it is impracticable to provide any meaningful pre-deprivation process. *Parratt v. Taylor*, 451 U.S. 527, 539 . . . (1981); *Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 421 (3d Cir. 2000). When a prison official confiscates a prisoner's property in an allegedly unauthorized way, whether it be negligently or intentionally, due process requires only the existence of an adequate post-deprivation remedy because it is not feasible for a prison to provide a hearing prior to taking property that is perceived to be contraband or against prison regulations. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 . . . (1984); *Parratt*, 451 U.S. at 541 . . . .
>
> In addressing the issue, the courts have repeatedly held that inmate grievance systems are an adequate post-deprivation remedy, *see, e.g.*, *Tillman*, 221 F.3d at 422, and this includes the [Corrections] Department's [(Department)] tiered grievance procedure outlined in DC–ADM 804. *Mattis v. Dohman*, 260 Fed. Appx. 458, 461 (3d Cir. 2008); *McEachin v. Beard*, 319 F. Supp. 2d 510, 514–15 (E.D. Pa. 2004). In a string of unreported decisions, this Court has concluded that the Department's grievance procedure in DC–ADM 804 is a constitutionally sufficient remedy with respect to inmates'

## III. Conclusion

For the foregoing reasons, we affirm the November 2019 Order.

_____

CHRISTINE FIZZANO CANNON, Judge

---

claims that the Department unlawfully withheld and/or confiscated personal property. *See, e.g.*, *Bullock v.* [*Dep't*] *of Corr*[.] (Pa. Cmwlth., No. 241 M.D. 2016, filed May 12, 2017) (unreported), slip op. at 9, 2017 WL 1967617 (citing, inter alia, *Brown v. Wetzel* (Pa. Cmwlth. No. 318 M.D. 2015, 2016 WL 4709887, filed Sept[.] 9, 2016) (unreported); *Fennell v. N.D. Goss* (Pa. Cmwlth., No. 1198 C.D. 2015, 2016 WL 453511, filed Feb[.] 5, 2016) (unreported)).

*Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 383-84 (Pa. Cmwlth. 2017).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Tedesco                                    :
            Appellant              :
                               :
                               :
       v.                                      :
                               :
Cynthia Link, Wendy Shaylor, Laurel            :
Harry, Barry Smith, Renee Zobitne,             :
Robert Sebastianelli, John Doe State           :
Police Detective #2, William Houser,           :
United States Attorney General's Office,        :
Scranton PA, Attorney General's Office         :
for the State of Pennsylvania,                 :
Harrisburg PA, Pennsylvania                    :
Department of Corrections,                     :
Pennsylvania State Police, Tonya Heist,        :
Deb Alvord, Jeffrey Whitherite,                :
Michael Bell, Dorina Varner, Monroe            :
County District Attorney Office,               :   No. 709 C.D. 2020
Stroudsburg PA, Sergeant Pierce                :

## O R D E R

AND NOW, this 16th day of May, 2023, the November 22, 2019 order of the Montgomery County Court of Common Pleas is AFFIRMED.

 

_____
CHRISTINE FIZZANO CANNON, Judge